# Illinois Official Reports

## Appellate Court

---

### *People v. Cooper*, 2015 IL App (1st) 132971

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY COOPER, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-13-2971 |
| Filed | October 14, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-CR-20654; the Hon. Thomas Hennelly, Judge, presiding. |
| Judgment | Affirmed; mittimus corrected. |
| Counsel on Appeal | Michael J. Pelletier, Alan D. Goldberg, and Robert N. Melching, all of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Janet C. Mahoney, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justices Lavin and Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1      Following a 2010 jury trial, defendant Larry Cooper was convicted of attempted first degree murder, by personally discharging a firearm proximately causing great bodily harm, and sentenced to 31 years' imprisonment. We affirmed on direct appeal. *People v. Cooper*, No. 1-10-1371 (2012) (unpublished order under Supreme Court Rule 23). Cooper now appeals from the summary dismissal of his *pro se* postconviction petition, contending that the court erred in summarily dismissing his petition as untimely. He also contends, and the State agrees, that his mittimus should be corrected to reflect a single conviction for the Class X felony of attempted first degree murder.

¶ 2      Cooper was convicted of the attempted murder and aggravated battery with a firearm of Benjamin Clark on September 20, 2007, by personally discharging a firearm proximately causing Clark great bodily harm. He was sentenced to concurrent prison terms of 6 years and a 25-year firearm enhancement.

¶ 3      On direct appeal, Cooper contended that his motion to suppress photographic array and lineup identifications as unduly suggestive was erroneously denied, trial counsel was ineffective for failing to object to inadmissible hearsay (Clark's hospital-bed description of his assailant), his right to confront witnesses was violated (when the court would not allow him to cross-examine Clark regarding marijuana usage), the State made improper closing arguments, and his mittimus should be corrected to properly reflect his conviction and presentencing detention credit. We affirmed, except for directing that the mittimus be corrected to reflect 971 (rather than 955) days' credit and a single conviction for the Class X felony of attempted murder, with aggravated battery with a firearm merged.

¶ 4      In March 2013, following remand, the court corrected the mittimus to reflect 971 days' credit. The mittimus still reflects convictions for attempted murder and aggravated battery with a firearm, though without a sentence for the latter, and describes the felony class of the former as "M" rather than X.

¶ 5      In April 2013, Cooper filed a *pro se* motion for extension of time to file a postconviction petition. The court denied the motion on May 10, 2013, stating both orally and in the written notice of its order that it denied a motion for extension of time.

¶ 6      Cooper filed his *pro se* postconviction petition in June 2013, raising various allegations of ineffective assistance of trial counsel and alleging ineffective assistance by appellate counsel for not raising trial counsel's ineffectiveness. He also claimed that his firearm enhancement constitutes an improper double enhancement due to the common element of great bodily harm.

¶ 7      On July 24, 2013, the court "denied" the postconviction petition, as reflected in a written notice and certified report of disposition and in a docket (or "half-sheet") entry. The notice and certified report of the July 24 order was sent to Cooper on August 5. The record contains no transcript for the proceedings of July 24; the court reporter averred that the case was on the court call for that day but she could not find proceedings for this case in her notes. On August 13, 2013, Cooper's case was called in open court, and the court said: "Post-conviction petition denied. Otherwise, it's back on the call. Prior order to stand. Off call." The record contains no written order or docket entry for August 13. Cooper's *pro se* notice of appeal is from the July 24 order.

¶ 8     Cooper primarily contends that the circuit court erred in summarily dismissing his *pro se* postconviction petition as untimely. He notes that the court made no finding that his petition was frivolous or patently without merit, nor did it address the particular claims in his petition. Based on this absence of findings and the record before us, Cooper asks us to conclude that his petition was improperly dismissed on procedural grounds.

¶ 9     Section 122-2.1 of the Code of Criminal Procedure of 1963, governing summary dismissals, provides: "If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2012). Notably, the legislature did not merely provide for a written order but expressly called for findings. However, our supreme court held in *People v. Porter*, 122 Ill. 2d 64, 81-82 (1988), that this particular provision is merely directory despite its use of "shall" because it does not provide that the summary dismissal is void for the lack of findings, a lack of findings does not prejudice a defendant's rights on appeal, and a construction that rendered the provision mandatory would violate the separation of powers.

¶ 10    That said, the *Porter* court also found it "advisable that the trial court state its reasons for dismissal" and noted that the purpose of the provision for a written order with findings is to facilitate appellate review of summary dismissals. *Porter*, 122 Ill. 2d at 81-82. As previously noted, the record on appeal does not contain either a written order or oral pronouncement setting forth the circuit court's basis for summarily dismissing defendant's petition. While *Porter* dictates that the lack of findings does not undermine the validity of the order, such findings are essential to our review. Further, if a court determines that a postconviction petition is frivolous and patently without merit, the petitioner is entitled to know the reasons for that determination so that they can be meaningfully addressed on appeal. Indeed, the primary argument raised by Cooper on appeal would likely not have arisen if the record on appeal contained findings by the circuit court.

¶ 11    Under other circumstances, a trial court's failure to follow the statutory directive to enter an order containing written findings would have prompted either a remand with directions or, alternatively, advancement of the petition to second stage proceedings. But for the reasons we discuss below, we affirm.

¶ 12    We presume on review of a summary dismissal that the circuit court knew and properly applied the law in the absence of an affirmative indication that it did not. *People v. Gaultney*, 174 Ill. 2d 410, 420 (1996). Our supreme court has similarly held that, "although factual findings may provide an explanation or reason for the trial court's decision, it is the correctness of the court's ruling, and not the correctness of its reasoning, that is under review." *In re Rita P.*, 2014 IL 115798, ¶ 51; see also *People v. Terry*, 2012 IL App (4th) 100205, ¶¶ 39-43 (rejecting claim of improper partial summary dismissal based on court not expressly addressing all claims). In light of the foregoing authorities, there is no basis for finding error upon this record's regrettable lack of findings.

¶ 13    Cooper does not rest his argument that the summary dismissal of his petition was improperly based on untimeliness upon the absence of findings alone. He argues that the court's August 13 statement that its "prior order" would stand referred to the May 10 denial of his extension motion and that the dismissal of his petition was likewise based on untimeliness. This argument is based upon two inferences: (i) that when the court referred to its "prior order," it meant the order denying the extension entered on May 10 rather than its

decision of July 24, and (ii) that the denial of the extension was based on untimeliness. We conclude that the record does not support either inference.

¶ 14     Cooper argues that the circuit court issued no order on July 24, so the reference to a "prior order" must have been to the order dated May 10. But as noted above, a written order of summary dismissal is not required. Instead, a court summarily dismisses a postconviction petition when its decision is entered of record. *People v. Perez*, 2014 IL 115927, ¶¶ 15, 29 (citing Ill. S. Ct. R. 272 (eff. Nov. 1, 1990)). Here, the court reached a decision on July 24 to dismiss Cooper's petition, and that decision was clearly communicated to the clerk of the court and spread of record, as documented by the July 24 docket or "half-sheet" entry of dismissal. The order is further evidenced by the certified report of disposition, referring to a July 24 dismissal, sent to Cooper on August 5 before the court's August 13 oral pronouncement at issue. The entry of a dismissal order on July 24 does not depend on the record containing a transcript for that day or an order signed by the judge himself. We find it significant that the court's oral and written pronouncements of May 10 refer to a motion for extension of time while the docket entry and certified report for July 24 and the court's oral remarks of August 13 all refer to a postconviction petition. Under such circumstances, we find that the intent of the court on August 13 was to refer to its July decision on the subject of Cooper's postconviction petition rather than its May decision on a different motion.

¶ 15     We also find that the record does not support an inference that the denial of Cooper's motion for extension of time was based on a finding that the petition was untimely. While a court may deny an extension of time based on a finding that cause for an extension has not been demonstrated, it may also do so if it finds that an extension is unnecessary as the time for filing has not yet passed. The latter applies here, as Cooper's petition was not untimely nor was there a prospect of it being untimely when he sought an extension. A postconviction petition must be filed no more than six months after the conclusion of proceedings in the United States Supreme Court, six months from the date for filing a *certiorari* petition with that Court, or three years from conviction where there was no direct appeal. 725 ILCS 5/122-1(c) (West 2012). Following Cooper's direct appeal, our supreme court denied leave to appeal on November 28, 2012. *People v. Cooper*, No. 114821. The last day for filing a *certiorari* petition was 90 days thereafter (Sup. Ct. R. 13(1)), or February 26, 2013, and six months after that date was August 13, 2013. Thus, the deadline to file Cooper's postconviction petition had not passed when he filed his extension motion, when the court denied the extension in May 2013, when Cooper ultimately filed his postconviction petition in June 2013, or when the court summarily dismissed the petition in July. Thus, there is no basis in the record to conclude that Cooper's postconviction petition was dismissed at the first stage based on the trial court's conclusion that the petition was untimely.

¶ 16     In sum, we see no reason to conclude on this record that the court summarily and improperly dismissed Cooper's petition on the ground of untimeliness. Cooper makes no other argument challenging the dismissal of his petition and, notably, does not contend that any claim in his petition was arguably meritorious. Issues not raised in an appellate brief are deemed waived under Illinois Supreme Court Rules 341(h)(7) and 612(i) (eff. Feb. 6, 2013). Because Cooper does not contend on appeal that any of the issues raised in his postconviction petition state the gist of a constitutional claim and based on our finding that the petition was not dismissed because it was untimely, there is no basis on this record to reverse.

¶ 17    Cooper also contends–and the State agrees–that his mittimus should be corrected to properly reflect a single conviction for the Class X offense of attempted murder. We agree and indeed so ordered on direct appeal. While the mittimus was partially corrected on remand, it erroneously describes attempted murder as a Class M offense and still reflects an unsentenced conviction for aggravated battery with a firearm.

¶ 18    Accordingly, pursuant to Illinois Supreme Court Rule 615(b)(2) (eff. Jan. 1, 1967), the clerk of the circuit court is directed to correct the mittimus to reflect a single count of conviction for the Class X offense of attempted first degree murder. The judgment of the circuit court is otherwise affirmed.

¶ 19    Affirmed; mittimus corrected.