# Illinois Official Reports

## Appellate Court

---

### *People v. Brewer*, 2021 IL App (1st) 182638

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRON BREWER, Defendant-Appellant. |
| District & No. | First District, Second Division<br>No. 1-18-2638 |
| Filed | June 29, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CR-20719; the Hon. Stanley J. Sacks, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Douglas R. Hoff, and Rebecca I. Levy, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Mari R. Hatzenbuehler, and Douglas P. Harvath, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE PUCINSKI delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Lavin concurred with the judgment and opinion. |

**OPINION**

¶ 1    Defendant Darron Brewer appeals from the summary dismissal of his *pro se* petition for relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal, he contends this cause must be remanded for further proceedings under the Act because the circuit court's order summarily dismissing the petition was not entered "of record" within 90 days of the petition's filing. We affirm.

¶ 2                                                    I. BACKGROUND

¶ 3    Following a jury trial, defendant was found guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2008)) and aggravated kidnaping (*id.* § 10-2(a)(4)) and sentenced to consecutive terms of 75 years and 24 years, respectively. The facts of this case were detailed in our order disposing of defendant's direct appeal. See *People v. Brewer*, 2016 IL App (1st) 133204-U. We therefore relate only the facts relevant to the issues in the instant appeal.

¶ 4    Following the death of his wife, Kenyate Collier, on October 26, 2009, defendant and his brother Dujuan Powe were arrested and charged with multiple offenses, including first degree murder and aggravated kidnaping. Defendant filed motions to quash his arrest and suppress evidence, and also to suppress his statement to police. The trial court denied both motions, and the cause proceeded to simultaneous severed jury trials.[1]

¶ 5    Tasha Nash, defendant's and Powe's aunt, testified that approximately three weeks before Collier's death, defendant disclosed that Collier had accused Powe of rape and that Collier planned to contact the police. Powe, on the other hand, said the sexual contact was consensual. On the evening of October 26, 2009, Powe told Nash that he pretended to carjack defendant, Collier, and their children at a gas station, ordered Collier into the trunk, and ultimately shot her in the back of the head. *Id.* ¶¶ 56-57.

¶ 6    Taron Webb, another family member, testified that in early October 2009, Powe stated that defendant wanted Powe to kill Collier in order to collect certain life insurance benefits, but when Powe went to Collier's house to kill her, he had sex with her instead. Webb further testified that on October 26, 2009, Powe called him and said, " 'I got that b***.' " *Id.* ¶¶ 52-53.

¶ 7    The State also introduced defendant's videotaped statement to police wherein he stated, in pertinent part, that Collier planned to report the rape, but defendant did not want his brother incarcerated, so he brought Collier to Powe so Powe could " 'take care of' " her. *Id.* ¶ 40. The jury found defendant guilty of first degree murder and aggravated kidnaping, and he was sentenced to a total of 99 years in prison. We affirmed on direct appeal.

¶ 8    On July 12, 2018, defendant's *pro se* postconviction petition and motion for discovery were filed-stamped in the circuit court. The petition raised numerous claims of ineffective assistance of trial and appellate counsel and alleged that the State withheld exculpatory evidence.

¶ 9    On July 18, 2018, defendant filed a *pro se* motion to supplement the petition with, in pertinent part, the affidavit of Powe. Powe averred that he never called Nash or Webb to confess to Collier's murder.

---

[1]The record on appeal does not contain volume four of the report of pretrial proceedings. However, the omission of this volume does not hinder this court's consideration of the issues in the instant appeal.

¶ 10     On October 10, 2018, the circuit court orally reviewed the claims raised in the *pro se* petition and the case's procedural history. The court noted that many of the issues were raised on direct appeal, "albeit perhaps" with "different language." The court therefore found that

> "the issues raised by petitioner are frivolous and patently without merit. They're additionally barred by *res judicata* and/or waiver.
>
> Petitioner's petition for post trial relief is hereby dismissed. Petitioner's request to proceed in forma pauperis and appointment of counsel are likewise denied as is [the] motion for discovery denied as well.
>
> The court reporter will type up the transcript. I'll look it over for any corrections necessary. The matter *** is continued to 10/25 for the filing of the oral ruling made by me today. As of today, however, the petition is dismissed."

¶ 11     The half-sheet entry for October 10, 2018 states, "DNP O/C 10-25-18." The criminal disposition sheet for October 10, 2018, states, "Oral ruling on Brewer's Petition for Post-Conviction Relief. Transcript of Ruling to be filed on 10/25/18. Petition for Post-Conviction relief is dismissed." On October 25, 2018, the matter was continued to October 30, 2018.

¶ 12     On October 30, 2018, the circuit court stated:

> "The order *** of October 10, 2018 to stand. That is petitioner's petition for post-conviction is denied. Request to proceed in forma pauperis and appointment of counsel is likewise denied [and] motion for discovery is denied as well.
>
> The court reporter typed up a transcript, file that today. *** Send a copy of the transcript. Off call."

¶ 13     The half-sheet entry for October 30, 2018, restates the court's oral comments from that day. The criminal disposition sheet for October 30, 2018, likewise states that the order of October 10, 2018, dismissing defendant's postconviction petition is to stand and that defendant's motion for discovery is denied.

¶ 14     The criminal disposition sheet for October 31, 2018, states that "Order of 10/10/18 to stand," "Petition for Postconviction Relief [is] Denied," and the transcript of the hearing contains handwritten corrections by the court.

¶ 15     The half-sheet entry for November 16, 2018, states that notification of the denial was sent to defendant in custody with a copy of the "ct. sheet" and the transcript from October 10, 2018. Also on that date, the clerk of the circuit court mailed defendant a certified report of disposition stating that:

> "OCTOBER 31, 2018. THE ORDER OF 10/10/18 TO STAND. THE PETITION FOR POST-CONVICTION RELIEF IS DENIED. THE DEFENDANT'S ADDITIONAL MOTION FOR TRANSCRIPTS AND/OR APPOINTMENT OF COUNSEL AND/OR TO PROCEED IN FORMA PAUPERIS ARE LIKEWISE DENIED. THE TRANSCRIPT OF THE HEARING HAD HAND WRITTEN CORRECTIONS ENTERED BY THE COURT. OFF CALL."

¶ 16     On November 16, 2018, defendant mailed a *pro se* notice of appeal from the circuit court's October 30, 2018, order denying him postconviction relief. The notice of appeal was received by the circuit court on November 28, 2018. On December 7, 2018, the circuit court entered an order appointing the Office of the State Appellate Defender to represent defendant on appeal and directed the clerk to prepare the record on appeal, as "[o]n November 28, 2018, a notice

of appeal [was] filed *** from a final judgment order entered against defendant on October 30, 2018."

¶ 17     On appeal, defendant contends that the cause must be remanded for additional proceedings under the Act because the circuit court's order summarily dismissing the petition was not entered of record within 90 days. He argues that although the court made an oral pronouncement on October 10, 2018, that the petition was summarily dismissed, the court did not "actually enter" its order until October 30, 2018, beyond the 90 days permitted by the Act.

¶ 18                                    II. ANALYSIS

¶ 19     Defendant raises no argument regarding the merits of his petition, and the only question raised by either party is whether the circuit court's summary dismissal complied with the requirements of the Act. That said, this court has a duty to determine its jurisdiction, even when neither party raises the issue. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Here, the record reveals a question regarding the timeliness of defendant's notice of appeal where the parties disagree as to the date when the circuit court's order summarily dismissing the petition was entered of record. Because the timeliness of defendant's notice of appeal is a function of the date the subject order was entered, we must determine that date as a threshold issue for determining our jurisdiction.

¶ 20     The Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings that resulted in his conviction. See 725 ILCS 5/122-1 *et seq.* (West 2018). At the first stage of proceedings, a defendant files a petition, which the circuit court independently reviews and, taking the allegations as true, determines whether it is frivolous or is patently without merit. *People v. Tate*, 2012 IL 112214, ¶ 9. A petition should be summarily dismissed as frivolous or patently without merit only when it has no arguable basis in either fact or law. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). We review the summary dismissal of a postconviction petition *de novo*. *Id.* at 9.

¶ 21     When the circuit court summarily dismisses a postconviction petition, the Act provides that the court is to enter a "written order" within 90 days of the "filing and docketing" of the petition. 725 ILCS 5/122-2.1(a)(2) (West 2018). The 90-day period is mandatory, not directory. *People v. Brooks*, 221 Ill. 2d 381, 389 (2006). The written order should specify "the findings of fact and conclusions of law [the court] made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2018).[2] "Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." *Id.* The court's judgment is considered entered on the date it is entered of record. *People v. Perez*, 2014 IL 115927, ¶ 15 (citing Ill. S. Ct. R. 272 (eff. Nov. 1, 1990)). If an order is not entered within 90 days, the petition advances to the second stage of proceedings under the Act. *Id.* ¶ 29.

¶ 22     Here, defendant's petition was filed on July 12, 2018. On October 10, 2018, 90 days later, the circuit court orally reviewed the issues raised in the petition, found them to be frivolous and patently without merit, and dismissed the petition. The court ordered a transcript prepared for its review and continued the case "for the filing of the oral ruling made *** today." The

---

[2]While defendant does not discuss the requirements for the form and content of a dismissal order, we note that the statutory requirement for a written order is directory, not mandatory (*People v. Porter*, 122 Ill. 2d 64, 82-83 (1988)) and a written order is not required when the circuit court's decision is properly entered of record (*People v. Cooper*, 2015 IL App (1st) 132971, ¶ 14).

- 4 -

court then reiterated that as of October 10, 2018, the petition was dismissed. The dismissal is further reflected on the criminal disposition sheet of the same date. Because October 10, 2018, was 90 days after the petition was filed on July 12, 2018, the circuit court's oral ruling dismissing the petition was timely under the Act.

¶ 23    Defendant, however, argues that an oral ruling is only entered of record when it is memorialized on the half-sheet and in the certified report of disposition. Defendant notes that the half-sheet for October 10, 2018, did not state the petition was dismissed and the transcript of the ruling was filed and the oral dismissal was entered on both the half-sheet and the criminal disposition sheet on October 30, 2018. Consequently, defendant contends that the court did not comply with the 90-day requirement. In support, defendant relies on *People v. Perez*, 2014 IL 115927, and *People v. Cooper*, 2015 IL App (1st) 132971.

¶ 24    In *Perez*, our supreme court addressed whether the circuit court complies with the Act's 90-day requirement "when it signs and dates an order of dismissal on the ninetieth day after the petition is filed and docketed, but the order is not filed by the clerk until the ninety-first day." *Perez*, 2014 IL 115927, ¶ 1. The court explained that the determinative question was when the circuit court entered the order for purposes of the Act. *Id.* ¶ 13.

¶ 25    The court rejected the State's argument that the order was entered when the judge signed it because "if the judge signed the order, placed it in his outbox, locked his office door, and went on vacation for a week, the clock would be ticking on [the] defendant's appeal rights, even though no one but the judge would have any idea that an order had been entered." *Id.* ¶¶ 21-22. The court also rejected the defendant's argument that had the judge announced in open court that the petition was dismissed within 90 days, the Act would have been satisfied because "the statute requires something *more* than public expression." (Emphasis in original.) *Id.* ¶ 23. That is, section 122-2.1(a) of the Act requires the court to "*enter* its *final written judgment order*, specifying findings of fact and conclusions of law, within 90 days." (Emphases in original.) *Id.* The court recognized that the "90-day period in section 122-2.1(a) is intimately tied together with the notice of appeal period," and pursuant to that section of the Act and Rule 272, "the court's decision is 'entered,' and the appeal period commences, when the judgment is placed of record." *Id.* ¶ 25.

¶ 26    In *Cooper*, this court further examined the issue of when a judgment is placed "of record." In that case, the defendant's *pro se* postconviction petition was summarily dismissed by the circuit court as memorialized on the circuit court's half-sheet and in a written notice and a criminal disposition sheet, both of which were sent to the defendant. *Cooper*, 2015 IL App (1st) 132971, ¶ 7. However, the record did not contain a transcript for that date. *Id.*

¶ 27    On appeal, we noted that the record did not contain either a written order or oral pronouncement stating the circuit court's basis for summarily dismissing the petition. *Id.* ¶ 10. We relied on the *Perez* court's holding that the circuit court summarily dismisses a postconviction petition when its decision is entered of record to determine that the circuit court dismissed the defendant's petition on the date that the court communicated its decision to the clerk of the court and spread it of record by the half-sheet entry. *Id.* ¶ 14. We noted, as further evidence of the order, that the certified report of disposition sent to defendant referred to the dismissal. *Id.*

¶ 28    In the case at bar, although the circuit court's oral pronouncement on October 10, 2018, taken alone, was insufficient to enter the dismissal of record (*Perez*, 2014 IL 115927, ¶ 23), further evidence of the dismissal is evidenced by the October 10, 2018, criminal disposition

sheet and the certified report of disposition sent to defendant stating that the order of October 10, 2018, dismissing the petition would stand.

¶ 29    To the extent defendant argues that the circuit court's statement continuing the matter until October 25, 2018, "for the filing of the oral ruling" reflected that the ruling itself would be entered at a later date, we disagree. Taken in context, the court's statement indicated that the transcript of the ruling would be filed on October 25, 2018, rather than the ruling itself. Specifically, the court found the issues in the petition were frivolous and patently without merit, dismissed the petition, and ordered the court reporter to prepare the transcript. The court then stated it would review the transcript and continued the matter for "the filing of the oral ruling," that is, the transcript. Defendant is correct that the half-sheet entry for October 10, 2018, does not contain information regarding the dismissal. However, while a half-sheet may be relied on for some evidence of certain legal events (*People v. Begay*, 2018 IL App (1st) 150446, ¶ 47), defendant cites no authority for the proposition that this negates the two documents that state that a dismissal was entered on October 10, 2018. Consequently, the circuit court's order summarily dismissing defendant's *pro se* postconviction petition was entered on October 10, 2018.

¶ 30    Having found that the circuit court summarily dismissed the petition on October 10, 2018, we must now determine our jurisdiction to consider defendant's appeal.

¶ 31    Pursuant to section 122-2.1(a)(2) of the Act, when

> "the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." 725 ILCS 5/122-2.1(a)(2) (West 2018).

¶ 32    The record reflects that notice of the court's order was not mailed to defendant until October 31, 2018, in violation of both section 122-2.1(a)(2) of the Act and Illinois Supreme Court Rule 651(b) (eff. July 1, 2017) ("[u]pon the entry of a judgment adverse to a petitioner in a postconviction proceeding, the clerk of the trial court shall at once mail or deliver to the petitioner a notice" of the court's order). On November 16, 2018, defendant mailed a *pro se* notice of appeal that was filed in the circuit court on November 28, 2018. Defendant's notice of appeal from the October 10, 2018, order dismissing the petition was untimely filed more than 30 days after the entry of the order. See Ill. S. Ct. R 606(b) (eff. July 1, 2017) ("the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from").

¶ 33    In those cases where a defendant is not prejudiced by a violation of section 122-2.1(a)(2) of the Act, he requires no remedy. See *People v. Robinson*, 217 Ill. 2d 43, 47, 60 (2005) (determining that the defendant "require[d] no remedy because he was not prejudiced by" the two-day delay in serving the order dismissing his postconviction petition when he filed his notice of appeal on time). However, where the defendant is prejudiced—that is, his appeal is untimely because he was not notified of the entry of the challenged order in a timely manner— this court must treat his untimely notice of appeal as a petition for leave to file a late notice of appeal pursuant to Illinois Supreme Court Rule 606(c) (eff. July 1, 2017). See *People v. Fikara*, 345 Ill. App. 3d 144, 158 (2003).

¶ 34    *Fikara* is instructive. In that case, the circuit court dismissed four of the allegations contained in the defendant's postconviction filings and granted a new sentencing hearing based

- 6 -

on another. The defendant did not file his notice of appeal from the circuit court's dismissal order until after the new sentencing hearing. On appeal, the State argued that the reviewing court did not have jurisdiction to consider the issues raised regarding the dismissed allegations in the postconviction petition because the notice of appeal was not timely filed. *Id.* at 151.

¶ 35    The court first noted that "an order that disposes entirely of a postconviction petition is immediately appealable, even if the order does not ultimately dispose of the criminal proceedings against the defendant." *Id.* "Such an order, while not necessarily disposing of the criminal proceeding, nonetheless is a final disposition of the petition under the Act." *Id.* Thus, the circuit court's order dismissing the postconviction petition in part, granting the petition in part, vacating the defendant's sentence, and setting a new sentencing hearing "resolved all issues raised in the postconviction petition and was a final disposition of the petition under the Act." *Id.* at 152. The order was immediately appealable. *Id.* The court concluded that the defendant's failure to file a timely notice of appeal deprived it of jurisdiction. *Id.*

¶ 36    In a supplemental opinion upon denial of rehearing, the court considered the defendant's argument that the circuit court failed to order the clerk to provide the defendant with immediate notice of the adverse judgment—*i.e.*, the dismissal of certain claims raised in the postconviction petition, as required by Rule 651(b)—and that this failure should excuse the resulting untimely notice of appeal. *Id.* at 157-58. The court explained that

> "Rule 651(b) requires that, upon the entry of a judgment adverse to a defendant in a postconviction proceeding, the clerk of the trial court 'shall at once mail or deliver' to the defendant a notice advising him of the entry of the order and advising him of his right to appeal." *Id.* at 158.

However, in that case, the clerk of the circuit court failed to provide the defendant with the required notice of the adverse judgment and the circuit court also failed to admonish the defendant about the finality of the order and the need to file a notice of appeal within 30 days. *Id.*

¶ 37    The court therefore determined that where Rule 651(b) has not been followed, "the reviewing court must treat a defendant's untimely notice of appeal as a petition for leave to file a late notice of appeal within the contemplation of Supreme Court Rule 606(c)." *Id.* "The reviewing court must then grant the petition and consider the merits raised in the defendant's appeal." *Id.* In other words, a "reviewing court must allow the filing of a late notice of appeal even when the six-month period for seeking leave to file a late notice of appeal provided in Rule 606(c) has already expired." *Id.* The court therefore determined that due to the circuit court's failure to "ensure compliance" with Rule 651(b), it must treat the untimely notice of appeal as a petition to file a late notice of appeal and consider the merits of the defendant's postconviction claims. *Id.*; see also *People v. Clark*, 374 Ill. App. 3d 50, 57-59 (2007).

¶ 38    We find the decision in *Fikara* to be well reasoned and agree with its analysis. Here, the circuit court summarily dismissed the instant petition on October 10, 2018, but the clerk of the circuit court did not send notification of the order to defendant until October 31, 2018. Based upon our reading of the record on appeal, the clerk of the circuit court failed to comply with Rule 651(b) by failing to provide defendant with the required notice of an adverse judgment in the instant postconviction proceeding. See Ill. S. Ct. R. 651(b) (eff. July 1, 2017) ("[u]pon the entry of a judgment adverse to a petitioner in a postconviction proceeding, the clerk of the trial court shall at once mail or deliver to the petitioner a notice" of the court's order). As in *Fikara*, we must treat defendant's untimely notice of appeal as a petition to file a late notice of appeal,

and we therefore have jurisdiction to consider his appeal on the merits. See *Fikara*, 345 Ill. App. 3d at 158. For reasons we have explained, however, the circuit court summarily dismissed defendant's *pro se* postconviction petition within 90 days of its filing in compliance with the Act. Consequently, as defendant raises no substantive arguments on appeal, we say no more.

¶ 39                                    III. CONCLUSION
¶ 40          For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 41          Affirmed.