2021 IL App (1st) 191232-U

No. 1-19-1232

Order filed September 24, 2021

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 915 |
| | ) | |
| MARVELL WILLIAMS, | ) | Honorable |
| | ) | Stanley Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Connors and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   When no order was entered on defendant's postconviction petition within 90 days of its filing and docketing, the petition must advance to the second stage.

¶ 2    Defendant Marvell Williams appeals from the summary dismissal of his *pro se* petition for relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2018)). On appeal, he contends this cause must be remanded for further proceedings under the Act because the circuit court's order was not entered "of record" within 90 days of the petition's filing. He further contends that pursuant to *People v. Buffer*, 2019 IL 122327, this court should vacate his 42-year sentence and remand for resentencing when the trial court did not consider his youth and

its attendant characteristics before imposing a *de facto* life sentence. For the following reasons, we remand for further proceedings under the Act.

¶ 3 Following a jury trial, defendant was found guilty of attempt first degree murder, aggravated battery with a firearm, and two counts of armed robbery with a firearm arising from an incident on April 22, 2010, when he was 17 years old. We relate only those facts relevant to the instant appeal.

¶ 4 The evidence established, through the testimony Domino's Pizza employees William Ware and Kawanza Morton, that on April 22, 2010, they delivered a pizza to a certain address. Defendant, wearing a black and grey hoody and holding a small silver firearm, approached Ware and Morton's vehicle and instructed Ware to exit. Defendant wanted everything in Ware's pockets, so Ware gave him money and a cell phone. Another man then pulled Ware aside and told him to lie on the ground. A third man instructed Morton to exit the vehicle. After defendant unsuccessfully tried to start the vehicle, he removed Morton's purse and approached Ware. Defendant stood over Ware and began shooting. One bullet grazed Ware's head and another hit him in the lower back before exiting the front of his body. Defendant fled. Ware later found a photograph of defendant, wearing the same hoody and holding the same firearm, on Facebook, and shared it with police officers.

¶ 5 Eric Thomas testified that he was serving a prison sentence in connection with the incident, and was with defendant and "Ali" at "the robbery." Defendant shot "to the sidewalk" when running, and also fired "[t]owards" and "past" Ware. During cross-examination, Thomas testified that "Ali," not defendant, was "the one who said he" shot Ware. During redirect, Thomas admitted providing a written statement asserting that he saw defendant, who was close to Ware, shoot down to the side.

¶ 6      The jury found defendant guilty of attempt first degree murder, aggravated battery with a firearm, and two counts of armed robbery with a firearm. The presentence investigation report (PSI) stated that in case 09 JD 4747 defendant was found guilty of unlawful use of a weapon, adjudicated delinquent, and sentenced to 18 months of probation that was terminated unsatisfactorily on August 23, 2011. Defendant had one child, completed eighth grade, and previously worked as a laborer.

¶ 7      At sentencing, the State argued that defendant "almost gratuitously and intentionally" inflicted severe bodily injury on Ware after the robbery was completed "just for the thrill" of shooting a firearm, and had a "darkened heart." The defense argued that defendant was young and had a limited criminal background.

¶ 8      The trial court noted that while defendant was on probation at the time of the offense, it was "not a lot of fun to give a young guy a whole bunch of time." The shooting, however, was "totally gratuitous" after the completion of the robbery. But, although defendant was "out there sticking people up and shooting people" for "chump change you can get from a guy delivering pizzas," he also "look[ed] pretty nice" and was a "a young kid, 17 years old," who "hasn't made 19 yet."

¶ 9      The trial court merged the aggravated battery with a firearm count into the attempt first degree murder count, and imposed 21 years in prison for attempt first degree murder. The court also imposed two concurrent 21-year prison terms for armed robbery with a firearm. Based upon a finding that defendant inflicted severe bodily injury on Ware, the sentence for attempt first degree murder would run consecutive to the concurrent 21-year prison terms for armed robbery with a firearm. Defendant filed a motion to reconsider sentence, which was denied. We affirmed on direct appeal. See *People v. Williams*, 2015 IL App (1st) 131019-U.

¶ 10 On June 5, 2018, defendant filed a *pro se* postconviction petition alleging he was denied effective assistance when trial counsel failed to investigate and present Ali, whom Thomas identified as the shooter; properly advise defendant about testifying at trial; question the State's witnesses about a jacket Thomas gave to defendant; and object to certain jury instructions. The petition further alleged that the trial court suggested what jury instructions would be given.

¶ 11 On August 20, 2010, the circuit court related the procedural history of the case. The court then listed the grounds for relief raised in defendant's postconviction petition, analyzed them, and found them to be frivolous and patently without merit. The court stated that the "petition for post-conviction relief is dismissed[.] *** The defendant will be notified when the order is typed up."

¶ 12 The half-sheet entry for August 20, 2018 states, relevant here, that the petition for postconviction relief was dismissed and the matter was continued to September 5, 2018, for "Written Order." The criminal disposition sheet for August 20, 2018, likewise states that the petition was dismissed, and the matter was on the call for "entry of order" on September 5, 2018.

¶ 13 On September 5, 2018, the trial court stated that it:

"entered the actual order on August 20th. Petition was dismissed. *** I held it on call today merely to file the transcript of the entry of August 20th. Send a copy of the transcript to the defendant in DOC."

¶ 14 The half-sheet entry for September 5, 2018, states "POTS 8-2-018" and "Def[endant] to be sent copy." The criminal disposition sheet states the petition was dismissed on August 20, 2018.

¶ 15 The October 25, 2018 half-sheet entry states that notification of the dismissal and a copy of the August 20, 2018 transcript were sent to defendant in custody. A certified report of disposition dated October 25, 2018, was also sent to defendant, stating:

"ON AUGUST 20, 2018, THE PETITION FOR POST-CONVICTION RELIEF WAS DISMISSED WITH ORDER OF COURT OF 09/05/18 FOR THE WRITTEN ORDER. ON 09/05/18, JUDGE SACKS RULED PREVIOUS ORDER TO STAND—08/20/18. ATTACHED IS THE TRANSCRIPT OF 08/20/18 WITH THE RULING."

¶ 16   On November 7, 2018, defendant filed a *pro se* motion to "call up" his postconviction petition "for [a] hearing," asserting it had neither been dismissed nor docketed. The circuit court denied the motion on November 27, 2018, noting its August 20, 2018 order.

¶ 17   On December 7, 2018, defendant's *pro se* motions to reconsider and to amend the petition for postconviction relief were stamped "RECEIVED" by the clerk. On February 4, 2019, the court noted that an amended postconviction was received on December 7, 2018, and filed that day.

¶ 18   On May 3, 2019, the court denied defendant leave to file a successive postconviction petition in a written order. The court noted, *inter alia*, that defendant's initial petition was filed on June 5, 2018, an oral ruling occurred August 20, 2018, and the "matter was held on the court's call to September 5, 2018 for the filings [*sic*] of a written order." The court further noted that defendant's initial petition was "dismissed no later than September 5, 2018, and most likely as early as August 20, 2018," which rendered the "current filing" a new or successive petition. On May 28, 2019, defendant filed a *pro se* notice of appeal from the circuit court's May 3, 2019 order.

¶ 19   On January 3, 2020, the supreme court entered a supervisory order directing this court to treat the notice of appeal filed on May 28, 2019, and assigned number 1-19-1232, as a properly perfected appeal from the circuit court's September 5, 2018 judgment dismissing the postconviction petition and May 3, 2019 judgment denying the motion to reconsider.

¶ 20    On appeal, defendant first contends that this cause must be remanded for further proceedings under the Act when the circuit court did not enter an order summarily dismissing his *pro se* postconviction petition within 90 days of its filing.

¶ 21    The Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings that resulted in his conviction. See 725 ILCS 5/122-1 *et seq.* (West 2018). At the first stage of proceedings, a defendant files a petition, which the circuit court independently reviews and, taking the allegations as true, determines whether it is frivolous or is patently without merit. *People v. Tate*, 2012 IL 112214, ¶ 9. A petition should be summarily dismissed as frivolous or patently without merit only when it has no arguable basis in either fact or law. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). We review the summary dismissal of a postconviction petition *de novo*. *Id.* at 9.

¶ 22    When the circuit court summarily dismisses a postconviction petition, the Act provides that the court is to enter a "written order" within 90 days of the "filing and docketing" of the petition. 725 ILCS 5/122-2.1(a)(2) (West 2018). The 90-day period is mandatory, not directory. *People v. Brooks*, 221 Ill. 2d 381, 389 (2006). Thus, if an order is not entered within 90 days, the petition advances to the second stage of proceedings under the Act. *People v. Perez*, 2014 IL 115927, ¶ 29. The written order should specify "the findings of fact and conclusions of law [the court] made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2018). "Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." *Id.* The court's judgment is considered entered on the date it is entered of record. *Perez*, 2014 IL 115927, ¶ 15 (citing Ill. S. Ct. R. 272 (eff. Nov. 1, 1990)).

¶ 23    Here, defendant filed his petition on June 5, 2018. On August 20, 2018, the circuit court orally dismissed the petition as frivolous and patently without merit and stated that "defendant will

be notified when the order is typed up." The August 20, 2018 half-sheet and criminal disposition sheets both memorialize the dismissal and state, respectively, that the cause was continued until September 5, 2018, for a "Written Order" and "for entry of order." Thereafter, on September 5, 2018, the circuit court stated that the "actual order" was entered on August 20, 2018, and that the cause was continued "merely to file the transcript" from that date. However, no order was entered before the expiration of the 90-day period on September 4, 2018.[1]

¶ 24    *People v. King*, 2012 IL App (2d) 100801, is instructive. In that case, the defendant filed a postconviction petition on February 22, 2010. On May 14, 2010, the circuit court orally dismissed the petition as frivolous and patently without merit, and stated that it would put its ruling into a " 'written order.' " *Id.* ¶ 3. The circuit court filed its written order summarily dismissing the petition on June 10, 2010. The defendant moved to reconsider, as the written order dismissing the petition was not entered within 90 days. The court denied the motion, finding that the written order memorialized the oral dismissal of the petition on May 14, 2010. *Id.* ¶ 4.

¶ 25    On appeal, the reviewing court first noted that the circuit court's order dismissing a petition as frivolous and patently without merit may be written or oral, but it must be made within 90 days of the petition's filing. *Id.* ¶ 7. At issue was whether the trial court's oral or written dismissal constituted the "actual date of dismissal" for purposes of compliance with section 122-2.1(a)(2) of the Act. *Id.* ¶ 8. The reviewing court relied on Illinois Supreme Court Rule 272 (eff. Nov. 1, 1990), which details which order takes precedence when a trial court makes an oral ruling, indicates a written order will be entered later, and then enters a written order, to conclude that the June 10, 2010 written order controlled under section 122-2.1(a)(2) of the Act. *Id.* ¶ 11.

---

[1] The petition was filed on June 5, 2018, and as the 90th day was a court holiday, the petition had to be dismissed or docketed by September 4, 2018.

¶ 26    In reaching this conclusion, the reviewing court acknowledged that the circuit court was not required to enter a written order summarily dismissing the petition. *Id.* However, because the circuit court "indicated that a written order would be filed, the date the written order was filed control[ed]." *Id.* The reviewing court denied it was "ignoring" our supreme court's holding in *People v. Porter*, 122 Ill. 2d 64, 81-82 (1988), that a summary dismissal may be oral. *Id.* ¶ 12. Rather, under *Porter*, a court is not prohibited from orally dismissing a petition and then filing a written order consistent with that oral dismissal. *Id.* However, when the circuit court indicates that a written order will be entered, that order must be filed within 90 days after the defendant filed the petition. *Id.* If not, the dismissal must be reversed, and the cause remanded for further proceedings under the Act. *Id.* The reviewing court therefore remanded the cause for second stage proceedings.

¶ 27    Turning to the present case, the circuit court orally summarily dismissed the petition within 90 days of its filing, but stated that defendant "will be notified when the order is typed up." The fact that the case was continued for the entry of a written order is memorialized on the half-sheet and on the criminal disposition sheet. However, as no order was entered before the expiration of the 90 days on September 4, 2018, this cause must be remanded for second stage proceedings.

¶ 28    This conclusion comports with our recent holding in *People v. Brewer*, 2021 IL App (1st) 182638. In that case, the defendant filed a *pro se* postconviction on July 12, 2018. *Id.* ¶ 8. On October 10, 2018, the circuit court orally reviewed the procedural history and the claims raised in the petition, found them frivolous and patently without merit, and summarily dismissed the petition. *Id.* ¶ 10. The court also stated, relevant here, that the court reporter would prepare the transcript for the court's review, and that the case was " 'continued to 10/25 for the filing of the oral ruling made by me today. As of today, however, the petition is dismissed.' " *Id.* The October

10, 2018 criminal disposition sheet also stated the petition was dismissed by the oral ruling. *Id.*
¶ 11

¶ 29    On October 30, 2018, the court noted that its previous order dismissing the defendant's postconviction petition would stand and that the transcript of the ruling would be filed that day. *Id.* ¶ 12. The half-sheet and criminal disposition sheet for October 30, 2018, and the certified report of proceedings sent to the defendant also stated that the court's previous order would stand. *Id.* ¶¶ 13, 15.

¶ 30    On appeal, the defendant contended that the cause must be remanded for additional proceedings under the Act when although the court made an oral pronouncement on October 10, 2018, that the petition was summarily dismissed, the court did not " 'actually enter' " its order of record until October 30, 2018, beyond the 90 days permitted by the Act. *Id.* ¶ 17.

¶ 31    Relying on *People v. Perez*, 2014 IL 115927 and *People v. Cooper*, 2015 IL App (1st) 132971, we determined that although the circuit court's oral pronouncement on October 10, 2018, alone, was insufficient to enter the dismissal of record, the October 10, 2018 criminal disposition sheet and certified report of disposition sent to the defendant further evidenced the dismissal. *Brewer*, 2021 IL App (1st) 182638, ¶¶ 24-28. Moreover, the circuit court's statement that the case was continued " 'for the filing of the oral ruling' " indicated the transcript, rather than the ruling, would be filed at a later date. *Id.* ¶ 29. While the half-sheet for October 10, 2018, did not address the dismissal, we rejected the defendant's argument that this omission negated the oral ruling and the two documents memorializing that ruling. *Id.* We therefore concluded that the circuit court's order was entered on October 10, 2018, in compliance with the Act. *Id.*

¶ 32    Here, while the circuit court's oral dismissal was entered of record on August 20, 2018, the court further stated that defendant would be notified when "the order is typed up" and the half-

sheet and criminal disposition sheet indicate both the dismissal and that an order would be entered at a later date. Unlike *Brewer*, where the court's comments taken in context, along with the criminal disposition sheet and certified report of disposition, established that the court orally dismissed the petition and continued the cause for the filing of the transcript of the ruling, in the case at the bar the court's comments, the half-sheet, and criminal disposition sheet indicate that the cause was continued for the entry of an order.

¶ 33    In sum, the circuit court's oral pronouncement and the two contemporaneous documents memorializing that pronouncement indicated that it planned to enter a written order summarily dismissing the instant petition. As no written order was entered before the expiration of the 90 days, this cause must be remanded for further proceedings under the Act. *King*, 2012 IL App (2d) 100801, ¶¶ 11-12.

¶ 34    For the foregoing reasons, we find that the circuit court did not enter an order on defendant's postconviction petition within 90 days of its filing and docketing. Because we reverse and remand for second stage proceedings, we do not address defendant's claim that the trial court failed to consider his youth and its attendant characteristics before imposing a *de facto* life sentence.

¶ 35    Reversed and remanded.