2022 IL App (1st) 192476-U

FIFTH DIVISION
March 25, 2022

No. 1-19-2476

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 12 CR 20153 |
| TERRELL LEWIS, | ) ) | Honorable James M. Obbish, |
| Defendant-Appellant. | ) ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

*Held*: We affirm the circuit court's dismissal of defendant's claim for unreasonable assistance of postconviction counsel because defendant did not rebut the presumption that his counsel acted reasonably.

¶ 1    Defendant Terrell Lewis appeals from the circuit court's dismissal of a claim in his *pro se*

petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016))

at the second stage, arguing he received unreasonable assistance of postconviction counsel. We affirm.

¶ 2                                    BACKGROUND

¶ 3      Defendant has two active appeals. Today we filed an order in case no. 1-21-0689, which details the facts of defendant's trial. We incorporate the relevant background paragraphs of that order by reference here, and we set forth below only those additional facts necessary to resolve defendant's claim in this particular appeal. See *People v. Lewis*, 2022 IL App (1st) 210689-U, ¶¶ 3-11.

¶ 4      On March 2, 2017, defendant filed a *pro se* postconviction petition. On March 15, 2017, defendant moved to supplement the petition to include additional exhibits. On April 19, 2017, he filed an amended postconviction petition, in which he claimed in relevant part that his trial counsel was ineffective for failing to investigate Leon Cooks, whom defendant alleged was "intimately connected to the process involving the investigation." The petition further alleged that it was "imperative" for his trial counsel to interview Cooks to "determine if he could be a defense witness" regarding "the composition of the alleged firearm" and Hanson's credibility, but trial counsel failed to do so. The record does not show that the circuit court ruled on defendant's motions to supplement or amend, but on May 12, 2017, the court docketed defendant's petition for second stage review.

¶ 5      On October 22, 2018, counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), describing her efforts to investigate defendant's case and her decision not to amend defendant's postconviction petition. In the certificate, counsel stated she communicated with defendant by letter and telephone, and also reviewed the court file, statutes, police reports, and trial transcripts. She could not review trial counsel's file because he had been

disbarred. Counsel decided she did not need to amend the petition because it adequately set forth defendant's claims. She re-filed the certificate on April 29, 2019.

¶ 6       At a proceeding on June 10, 2019, defense counsel stated she could not contact defendant's trial attorney "with regards to evidence that [defendant] had mentioned" previously. Additionally, she reviewed "the motions" and the court's files to locate information on defendant's claims, and sent defendant two affidavits "attesting to the claims that he brought forth," neither of which he returned.

¶ 7       On July 29, 2019, the State moved to dismiss defendant's petition, arguing in relevant part that defendant could not demonstrate prejudice for his ineffective assistance for failure to investigate claim, and did not provide sufficient evidentiary support for the claim. The State further contended that defendant's petition "does not allege or support what evidence Cooks could have provided that would assist" defendant, or "address whether Cooks would be willing to talk to petitioner's attorney."

¶ 8       On October 7, 2019, during argument on the State's motion, defense counsel stated she asked defendant if he had "some information that I could investigate in terms of the ineffectiveness of his trial attorney," but defendant "was unable to provide that information." She continued that "nothing" in the documents she reviewed suggested trial counsel was ineffective. The circuit court granted the State's motion to dismiss most of defendant's claims, including the ineffective assistance of trial counsel for failure to investigate claim, but continued the matter for further litigation on defendant's claim that trial counsel was ineffective for not filing a timely notice of appeal. In so finding, the circuit court explained that, "The only witnesses were the Federal agents ***, the undercover informant *** and [defendant]," and described the idea that Cooks could be a helpful defense witness as "unreasonable" and "foolish."

¶ 9 Defendant filed a premature notice of appeal on October 21, 2019. On July 7, 2021, our supreme court entered a supervisory order requiring that we treat the October 21, 2019 notice as establishing a properly perfected appeal.

¶ 10                                         ANALYSIS

¶ 11 On appeal, defendant argues that his postconviction counsel provided unreasonable assistance by insufficiently investigating and presenting his claim for ineffective assistance of trial counsel.

¶ 12 First, because this court has a duty to always determine its own jurisdiction, we note that here jurisdiction is established despite defendant not including the present claim in his direct appeal. See *People v. Fuller*, 187 Ill. 2d 1, 7 (1999). The ineffective assistance of trial counsel for failure to investigate Leon Cooks claims was not appropriate for direct appeal because resolution of it requires consideration of matters outside the trial record. See *People v. Veach*, 2017 IL 120649, ¶ 46 (ineffective assistance claims are better suited for postconviction proceedings where the "record is incomplete or inadequate for resolving the claim"). Additionally, while the circuit court's order permitting defendant to file a direct appeal did not finally resolve claims now raisable on direct appeal, it was a final and appealable order respecting the other claims in defendant's postconviction petition that were not so raisable, because the order terminated proceedings on his petition. See *People v. Brewer*, 2021 IL App (1st) 182638, ¶ 35. Finally, we need not stay this matter until we resolve defendant's direct appeal, as it is well-established that a defendant may litigate a direct appeal and postconviction claims simultaneously. *People v. Harris*, 224 Ill. 2d 115, 126-28 (2007).

¶ 13 The Act provides a mechanism for a criminal defendant to challenge his conviction on the grounds that it violates his constitutional rights. *People v. Domagala*, 2013 IL 113688, ¶ 32.

Petitions pursuant to the Act are reviewed in three stages. *Id.* Here, the circuit court dismissed defendant's relevant claim at the second stage. At the second stage, the circuit court must accept all well-pleaded factual allegations not rebutted by the record as true, and determine whether the defendant has made a substantial showing of a constitutional violation. *Id.* ¶ 35. We review *de novo* the circuit court's decision to dismiss a postconviction claim at the second stage. *People v. Dupree*, 2018 IL 122307, ¶ 29.

¶ 14     A defendant does not have a constitutional right to assistance of counsel in postconviction proceedings, and the right to appointed counsel at the second stage of postconviction review in Illinois is a statutory creation. *People v. Johnson*, 2018 IL 122227, ¶ 16. Accordingly, a claim that postconviction counsel's performance was inadequate is not reviewed under the ineffective assistance standard, but the lower reasonable assistance standard. *People v. Custer*, 2019 IL 123339, ¶ 30. Rule 651(c) outlines the steps an attorney must take to provide reasonable assistance, including the requirement to certify her efforts in detail on the record. *Id.* ¶ 32; Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Specifically, the Rule requires that postconviction counsel certify that she consulted with the defendant "to ascertain his or her contentions of deprivation of constitutional rights," examined the record of trial proceedings, and amended the petition as "necessary for an adequate presentation" of the defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Postconviction counsel is under no obligation to amend a petition to pursue a meritless claim, as such an amendment is not "necessary" per the statute. See *People v. Collins*, 2021 IL App (1st) 170597, ¶ 38 (citing *People v. Greer*, 212 Ill. 2d 192, 205 (2004)).

¶ 15     Postconviction counsel's filing of a Rule 651(c) certificate verifying that she took the statutorily required measures creates a rebuttable presumption of reasonable assistance. *Custer*, 2019 IL 123339, ¶ 32. The defendant has the burden to rebut this presumption through a showing

that counsel's conduct was unreasonable despite the efforts detailed in the certificate. *People v. Landa*, 2020 IL App (1st) 170851, ¶ 46. When counsel has filed a Rule 651(c) certificate, a defendant must not only demonstrate unreasonable assistance, but also that his underlying claim had merit such that he suffered prejudice from postconviction counsel's unreasonable conduct. *Id.* ¶¶ 57-58.

¶ 16    Here, the record shows that defendant's postconviction counsel filed a Rule 651(c) certificate in which she verified that she communicated with defendant and reviewed the relevant files, discovery materials, and transcripts, though she could not review trial counsel's file because he had been disbarred. Postconviction counsel concluded that the petition adequately set forth defendant's claims.

¶ 17    Defendant argues that postconviction counsel's conduct was unreasonable because the proper presentation of his ineffective assistance of trial counsel claim required her to contact Cooks and procure an affidavit. The petition generally alleges that Cooks could have information regarding the firearm's composition and Hanson's credibility. Neither the petition nor the briefing describes the efforts postconviction made to investigate Cooks. Additionally, defendant does not allege that Cooks was available and willing to testify, or describe the specific testimony defendant expected Cooks would provide.

¶ 18    On this record, we find that defendant has failed to rebut the presumption that his postconviction counsel provided reasonable assistance. It is undisputed that counsel filed a Rule 651(c) certificate, which outlined her efforts to investigate defendant's claims and stated her conclusion that the petition adequately set them forth. This filing led to a rebuttable presumption that counsel provided reasonable assistance, including the presumption that she took all reasonable efforts to investigate Cooks as a witness. *Custer*, 2019 IL 123339, ¶ 32. This placed the burden on

defendant to rebut the presumption of reasonable assistance. *Landa*, 2020 IL App (1st) 170851, ¶ 46. Defendant here, however, points to nothing in the record suggesting counsel acted unreasonably in investigating Cooks. Accordingly, his claim fails.

¶ 19     Defendant, citing *People v. Enis*, 194 Ill. 2d 361 (2000), argues that an affidavit from Cooks was necessary to establish his claim, and thus the absence of an affidavit proves postconviction counsel provided unreasonable assistance despite the Rule 651(c) certificate. See *Enis*, 194 Ill. 2d at 380 (2000). We note that this is an incorrect statement of law. See *Dupree*, 2018 IL 122307, ¶ 34 (finding that a defendant could conceivably make a substantial showing of ineffective assistance of trial counsel for failure to investigate a witness without attaching an affidavit). Dupree notwithstanding, counsel's Rule 651(c) certificate entitled her to the presumption that she made all reasonable efforts to investigate Cooks, and either could not contact him and procure an affidavit despite reasonable efforts, or concluded that the claim lacked merit, and therefore additional pursuit of the claim was unnecessary." See *People v. Johnson*, 154 Ill. 2d 227, 241 (1993) ("In the ordinary case, a trial court ruling upon a motion to dismiss a post-conviction petition which is not supported by affidavits or other documents may reasonably presume that post-conviction counsel made a concerted effort to obtain affidavits in support of the post-conviction claims, but was unable to do so."); *People v. Kirk*, 2012 IL App (1st) 101606, ¶¶ 24-25; see also *Collins*, 2021 IL App (1st) 170597, ¶ 38. This is not altered by counsel's failure to describe these efforts in her Rule 651(c) certificate, as there is nothing in the Rule suggesting "a Rule 651(c) certificate is intended to be a comprehensive recounting of all of postconviction counsel's efforts." See *People v. Jones*, 2011 IL App (1st) 092529, ¶ 24.

¶ 20 Defendant contends that postconviction counsel did not explain the absence of an affidavit, but this argument is invalid because counsel had no obligation to do so; instead, it was defendant's burden to affirmatively show counsel's conduct was unreasonable, a burden he has not met.

¶ 21 Finally, because we find that defendant has not rebutted the presumption of reasonable assistance of postconviction counsel, we do not reach the issues briefed by the parties regarding the merits of defendant's underlying ineffective assistance of trial counsel claim.

¶ 22                               CONCLUSION

¶ 23 Defendant here had the burden to rebut the presumption that his postconviction counsel provided reasonable assistance, but failed to make any showing that postconviction counsel did not reasonably investigate his claim. Therefore, his claim fails, and the circuit court's ruling is affirmed.

¶ 24 Affirmed.