**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210598-U

Order filed April 7, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Whiteside County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0598 Circuit No. 17-CF-143 |
| | ) | |
| JESSE A. BONS, | ) ) | Honorable Stanley B. Steines, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hettel and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1   *Held*:  The trial court's summary dismissal of defendant's postconviction petition did not violate the procedural requirements of the Post-Conviction Hearing Act. Affirmed.

¶ 2   Defendant, Jesse A. Bons, appeals from the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). For the reasons set forth below, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Following a bench trial, defendant was convicted of one count of predatory criminal sexual assault of a child and sentenced to 35 years' imprisonment. We affirmed his conviction and sentence on direct appeal. *People v. Bons*, 2021 IL App (3d) 180464. On September 16, 2021, defendant filed a *pro se* postconviction petition under the Act, alleging that he was deprived of a fair trial where the trial court admitted evidence of his and the victim's chlamydia diagnosis at trial. On December 2, 2021, the trial court made the following docket entry:

> "D's *Pro Se* Petition for Post Conviction Relief is examined. The issue raised was already addressed by the Appellate Court on direct appeal. D's Petition for Post Conviction relief is denied at the first stage review as it fails to raise a gist of a constitutional claim. Motion for Appointment of counsel is moot. Clerk instructed to forward a copy of minute entry to SAO and D. Clerk instructed to file and forward copy of Notice of rights for Appeal to D."

¶ 5        Defendant timely appealed.

¶ 6        <center>II. ANALYSIS</center>

¶ 7        On appeal, defendant argues that "[t]he circuit court's summary dismissal of [his] *pro se* post-conviction petition should be reversed and the case remanded for second-stage post-conviction proceedings where the circuit court failed to enter a final written judgment order within 90 days of the filing and docketing of the petition." We apply a *de novo* standard of review to a first-stage summary dismissal of a postconviction petition. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

¶ 8        Defendant specifies two grounds for reversal. First, he contends that the docket entry was not a "written order" entered within 90 days as contemplated by sections 122-2.1(a) and (a)(2) of the Act. See 725 ILCS 5/122-2.1(a) (West 2020) ("Within 90 days after the filing and docketing

<center>2</center>

of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section."); 725 ILCS 5/122-2.1(a)(2) (West 2020) (requiring a "written order"). Second, defendant contends that, even if the docket entry were a written order as contemplated by sections 122-2.1(a) and (a)(2), the docket entry did not otherwise comply with section 122-2.1(a)(2)'s provision that the court enter a "written order, specifying the findings of fact and conclusions of law it made in reaching its decision." See 725 ILCS 5/122-2.1(a)(2) (West 2020). A review of Illinois jurisprudence reflects that both arguments have been rejected, as set forth below.

¶ 9        As to the first argument, we note that the docket entry was in fact entered within the 90-day time period and was copied and forwarded to defendant, along with a copy of his appeal rights. This satisfied the Act's written order requirement. See *People v. Cooper*, 2015 IL App (1st) 132971, ¶¶ 7, 14. In *Cooper*, the appellate court considered the summary dismissal of a postconviction petition, where no written order was issued, but the trial court's decision was reflected on the docket entry or "half-sheet," and notice of the decision was sent to the defendant. The appellate court concluded, "[A] written order of summary dismissal is not required. Instead, a court summarily dismisses a postconviction petition when its decision is entered of record." *Id.* ¶ 14 (citing *People v. Perez,* 2014 IL 115927, ¶¶ 15, 29 (citing Ill. S. Ct. R. 272 (eff. Nov. 1, 1990))).

¶ 10        Just as in *Cooper,* here, the trial court reached a decision, within 90 days, to dismiss defendant's petition, and that decision was clearly communicated to the clerk of the court and spread of record, as documented by the docket entry pronouncing, "D's Petition for Post Conviction relief is denied at the first stage review as it fails to raise a gist of a constitutional claim." That this was a decision entered of record is further supported where the record reflects

3

that a copy of the minute order was sent to defendant apprising him of the "Order by minute entry dismissing Defendant's Pro Se petition for Post-Conviction Relief, a copy of the minute order is enclosed herewith." Simply put, the docket entry here complied with the written order requirement of sections 122-2.1(a) and (a)(2) of the Act.

¶ 11 Defendant's second argument, that the docket entry order did not otherwise comply with section 122-2.1(a)(2)'s provision that the court enter a "written order, specifying the findings of fact and conclusions of law it made in reaching its decision[,]" is equally unavailing. See 725 ILCS 5/122-2.1(a)(2) (West 2020). Initially, we disagree with defendant's argument that the language of the docket entry failed to specify the findings of fact and conclusions of law in support of its judgment. The docket entry pronounces, "The issue raised was already addressed by the Appellate Court on direct appeal. D's Petition for Post Conviction relief is denied at the first stage review as it fails to raise a gist of a constitutional claim." This language explains to defendant in clear and straightforward terms that his petition was denied because his argument had already been rejected by this court in defendant's direct appeal.

¶ 12 Furthermore, we observe that, even where a court order dismisses a petition as frivolous or patently without merit but does not otherwise specify the reasons for doing so, such is not a basis to reverse. In interpreting the Act's requirement that the court "*shall* dismiss the petition in a written order, specifying the findings of fact and conclusions of law[,]" our supreme court has held that "shall" directs the court to dismiss the petition and not to specify the reasons for doing so. *People v. Porter*, 122 Ill. 2d 64, 81-82 (1988).

¶ 13 Moreover, the *Porter* court found the "shall" requirement in section 122-2.1(a)(2) to be directory and not mandatory. *Id.* Finally, we decline any suggestion that the supreme court's decision in *Perez*, 2014 IL 115927, overruled *Porter*. In *Perez,* the court considered only whether

4

a written order dismissing a defendant's postconviction petition was timely, where it was not filed with the clerk until after the 90-day period. *Id.* ¶ 29. The *Perez* court never referenced *Porter* nor addressed the written order or specificity requirements of section 122-2.1(a)(2). See *People v. Ranft,* 2023 IL App (1st) 210300-U, ¶¶ 30-31 (though *Perez* held that an oral pronouncement alone was insufficient under section 122-2.1(a)(2), it did not supersede *Porter's* holding that the written order and specificity requirements were directory.). Accordingly, the postconviction petition was properly dismissed.

¶ 14                                     III. CONCLUSION

¶ 15          The judgment of the circuit court of Whiteside County is affirmed.

¶ 16          Affirmed.