# Illinois Official Reports

## Appellate Court

---

***People v. Schlosser*, 2017 IL App (1st) 150355**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN SCHLOSSER, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-0355 |
| Filed | June 23, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 04-CR-13410; the Hon. John Joseph Hynes, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Roxanna A. Mason, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and Haley Peck, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Justices Hall and Reyes concurred in the judgment and opinion. |

**OPINION**

¶ 1 Defendant John Schlosser was convicted, after a bench trial, of involuntary manslaughter, two counts of aggravated battery, and two counts of home invasion and sentenced to a total of 22 years with the Illinois Department of Corrections (IDOC). On direct appeal, this court vacated his convictions for involuntary manslaughter, as well as one count of aggravated battery and one count of home invasion, but affirmed his remaining convictions. *People v. Schlosser*, No. 1-06-1832 (2007) (unpublished order under Supreme Court Rule 23). Since the vacated sentences ran concurrently to sentences which were affirmed, the aggregate sentence did not change and appellate counsel did not seek a remand for resentencing.

¶ 2 Defendant then filed a *pro se* petition for postconviction relief, in which he argued that he had not been proven guilty beyond a reasonable doubt and that his sentence was unfair. Defendant's petition proceeded to the second stage where he was appointed counsel. Counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c) (eff. Dec. 1, 1984),[1] but did not amend defendant's *pro se* petition. The trial court dismissed the petition at the second stage, finding that it was "entirely conclusory" and, thus, its claims were legally insufficient. The trial court also found that the claims were indisputably forfeited, since postconviction counsel's oral arguments concerning forfeiture were not found in the written petition.

¶ 3 On appeal from the second-stage dismissal, this court found that postconviction counsel's performance was unreasonable and failed to comply with the duties imposed by Rule 651(c). *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 26. We found that counsel failed to make a routine amendment to the postconviction petition that would have overcome the procedural bar of forfeiture and that his actions amounted to a total failure of representation. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 22-25. As a result, we reversed and remanded "with directions to the trial court to conduct a second-stage evaluation after allowing defendant leave to amend his petition." *Schlosser*, 2012 IL App (1st) 092523, ¶ 35.

¶ 4 On remand, the trial court appointed the same counsel to represent defendant, and the trial court dismissed the petition again at the second stage. On appeal, defendant argues that he is entitled to have his case remanded for the appointment of new postconviction counsel, since he was represented on remand by the same counsel whose representation was already deemed unreasonable in this case. For the following reasons, we agree and we remand to allow the appointment of new counsel and further second-stage consideration.

¶ 5                                                    BACKGROUND

¶ 6 In our prior opinion, we described the evidence at the original bench trial and the direct appeal, and we will not repeat all that detail here. Instead, we incorporate that description by reference. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 4-9.

¶ 7 In short, the evidence at trial showed that defendant had a dispute about money with an acquaintance, Louise Lusk. Defendant then went to Lusk's home where a fist fight ensued between, on one side, defendant and, on the other side, Lusk and Fred Howes, Lusk's

---

[1]The rule was later amended, but this was the version of the rule that was in effect at the time that counsel filed this certificate. Later, defendant filed a second certificate and, for that second certificate, we cite a subsequent effective date for the same rule.

80-year-old father with whom she lived. Defendant struck Howes in the head; yet, after the police arrived, Howes refused medical assistance and did not press charges. However, the next day, Howes was taken to the hospital and surgery was performed to relieve intercranial bleeding. Howes died two months later as a result of pneumonia, which occurred after he was hospitalized for the surgery. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 4-9. At trial, defendant testified in his own defense, and one of the issues at trial concerned whether he had forced his way into the home, or whether the door was opened for him. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 4, 6, 7. Defendant also testified that he threw a "wild punch" and "accidentally hit [Howes] in the left side of the face," causing Howes to fall down. *People v. Schlosser*, No. 1-06-1832, at 5 (2007) (unpublished order under Supreme Court Rule 23); see also *Schlosser*, 2012 IL App (1st) 092523, ¶ 6. After the bench trial, the trial court found him guilty of involuntary manslaughter, two counts of aggravated battery, and two counts of home invasion and sentenced him to a total of 22 years with IDOC.

¶ 8        On direct appeal, this court found that, since the convictions for involuntary manslaughter and two counts of aggravated battery were for the same single act, namely, hitting Howe in the head, it was necessary to vacate the conviction for involuntary manslaughter and one of the counts of aggravated battery. In addition, since the convictions for two counts of home invasion were based on a single entry, we vacated one of the counts of home invasion. In all, we vacated more than half of defendant's convictions, and left intact only two of the original convictions, namely, one count of home invasion and one count of aggravated battery. *People v. Schlosser*, No. 1-06-1832, at 9 (2007) (unpublished order under Supreme Court Rule 23). However, there was no remand for resentencing.

¶ 9        In our prior opinion, we described in detail the postconviction proceedings up until that point, and we will not repeat that information here, except to provide a summary description. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 10, 18-19, 23, 25, 27-28.

¶ 10        Defendant filed a *pro se* postconviction petition on June 30, 2008, in which he claimed that there was insufficient evidence of forced entry, that his sentence was unfair, and that character witnesses were not called, which would have affected the judge's "opinion," presumably in both verdict and sentence. This petition proceeded to the second stage, where defendant was appointed counsel. The assistant public defender (APD) made no amendments to the *pro se* petition and filed a Rule 651(c) certificate. The certificate was filed on May 8, 2009, a year after defendant filed his petition, and it stated that the APD had communicated with defendant by letter and by phone, that he had examined the trial transcripts, and that he chose not to amend the petition because "it adequately presents" defendant's claims.

¶ 11        On July 10, 2009, the State moved to dismiss the petition on the grounds that its claims were conclusory and lacked specificity, that the petition failed to include any documentation to support its claims, and that its claims were forfeited by the failure of the defense to raise these claims on direct appeal. After receipt of the State's motion, the APD did not seek to amend the petition to add specificity, documents, or a claim that appellate counsel was ineffective.

¶ 12        A month later, at the hearing on the motion, the State argued for five pages of transcript. The APD responded in one short paragraph, in which he stated that he was "standing on [defendant's] petition" and that he "just want[ed] to clarify one thing." The one clarification was that "the main claim" was ineffectiveness of appellate counsel. The trial court observed that it did not "see anything with regards to an allegation with appellate counsel's

ineffectiveness" in defendant's petition. The APD did not then orally seek leave to amend the petition to add the claim.

¶ 13 A month after the hearing, on September 18, 2009, the trial court granted the State's motion to dismiss. In its written order, the trial court listed defendant's claims, but did not include ineffectiveness of appellate counsel in its list. The list included the sufficiency of the evidence and the fairness of the sentence. The first line of the trial court's "Analysis" observed that the petition "was never supplemented." The trial court then stated that it dismissed the petition, first, because defendant's claims were forfeited, since they were not raised on direct appeal. In addition, the trial court found that the petition's claims were "entirely conclusory" and not supported "by affidavits, records or other evidence." On the same day, a notice of appeal was filed, and the first postconviction appeal followed.

¶ 14 On this first appeal, this court found that the APD's performance was unreasonable and failed to comply with the basic duties imposed by Rule 651(c). *Schlosser*, 2012 IL App (1st) 092523, ¶ 26. In particular, we observed that he failed to make a routine amendment to the postconviction petition that would have overcome the procedural bar of forfeiture, and we concluded that his actions amounted to a total failure of representation. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 22-25. As a result, we reversed and remanded for second-stage proceedings. *Schlosser*, 2012 IL App (1st) 092523, ¶ 35.

¶ 15 After this court's 2012 remand, there were 14 court appearances, and defendant was not present at any of them. At the first appearance, on March 22, 2013, the case was simply continued. At the next appearance, on May 24, 2013, the same counsel who had previously represented defendant appeared and informed the trial court:

"ASSISTANT PUBLIC DEFENDER [APD]: My reading of the remand order [*sic*] to simply to amend the petition with the allegation ineffective assistance of appellate counsel.

THE COURT: Sure."

¶ 16 At the next appearance, on August 9, 2013, the trial court asked about the appellate court's opinion, and the APD stated:

"APD: Judge, it's just—there was a 651(c) certificate filed. There was no amendment to the pro se petition. The Appellate Court remanded it *for the appointed attorney* to file a[n] amendment which would include an allegation of ineffective assistance of appellate counsel." (Emphasis added.)

The APD then asked for a continuance to October 18, 2013, to file an amendment. On October 18, 2013, the APD asked for "one final date" to file an amended petition, and the trial court stated: "Let's make sure we get it done by then."

¶ 17 On December 20, 2013, the APD filed an "Amendment to Petition for Post-Conviction Relief," which incorporated by reference defendant's *pro se* petition. The amendment claimed that appellate counsel was ineffective for failing to argue (1) that there was insufficient evidence to convict defendant of home invasion and (2) that defendant's sentence was excessive, or in the alternative, that a remand was necessary in light of the appellate court's opinion vacating defendant's convictions for aggravated battery, involuntary manslaughter, and one count of home invasion. The amended petition did not attach any documents or cite any portions of the record to support defendant's claim that he was unable to present character witnesses at the bench trial or sentencing.

- 4 -

¶ 18      After a couple more continuances, the State moved on June 6, 2014, to dismiss defendant's amended postconviction petition, and the APD requested a short continuance in order to determine whether to file a response. On July 11, 2014, the APD informed the court that he would not file a response. The trial judge also observed that the court file appeared to be missing a document from the APD, and the trial court asked the APD and the assistant State's Attorney to review the file to make sure that the court had "a full packet of what [it] need[ed]." After several more continuances, the trial court noticed on December 12, 2014, that the APD had not filed a new Rule 651(c) certificate since the 2012 remand and directed him to file one:

> "THE COURT: Did you file another 51C?
> APD: I don't believe I did.
> THE COURT: I think we'll need that too.
> APD: I will file it then.
> THE COURT: All right. Very good."

¶ 19      Six months later, on January 8, 2015, the APD filed a Rule 651(c) certificate, in which he stated that he had communicated with defendant by letter only. The certificate did not indicate whether these communications occurred before or after the 2012 remand. Concerning communications, the certificate stated only: "I have communicated with the petitioner, John Schlosser, by letter to ascertain his claims of a deprivation of his constitutional rights." The certificate also stated that he had read the transcripts of defendant's trial and sentencing, and amended defendant's *pro se* petition.

¶ 20      On January 9, 2015, the trial court heard argument on the State's motion to dismiss. The State argued that the amended petition still lacked specificity and that "the case law that is cited is not the proper case law that applies." In response, the APD did not offer argument on any issue, except the issue that defendant should be resentenced, since the appellate court had vacated half of defendant's convictions on direct appeal. The APD offered no argument on the issue that was the subject of this court's remand, namely, appellate counsel's ineffectiveness for failing to challenge the sufficiency of the evidence for the remaining counts of aggravated battery and home invasion. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 10, 19. The matter was continued because the trial court stated that it was "in the process of writing a written opinion."

¶ 21      On February 6, 2015, the trial court stated in open court that it had granted the State's motion to dismiss and that it had issued a written order. The trial court stated:

> "THE COURT: I indicated to the parties I was going to file a written ruling here. If you would, stamp that for me. I have a copy of the written ruling, gentlemen. The Clerk will give that to you. *** [T]he state's motion will be granted. I set that forth in a written order here. If you can make sure, [APD], that [defendant] gets a copy of this."

Thus, the trial court directed the APD to mail a copy of its order to defendant.

¶ 22      However, that order is not in the appellate record.[2] At the back of the appellant's brief, where a copy of the order appealed from should be, there is instead a copy of a half-sheet,

---

[2] Illinois Supreme Court Rule 321 provides, in relevant part: "The record on appeal shall consist of the judgment appealed from, the notice of appeal, and the entire original common law record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less. The common law record includes every document filed and judgment and order entered ***." Ill. S. Ct. R. 321 (eff. Feb. 1, 1994).

which states that the State's motion to dismiss the postconviction petition was granted and to "see written order." See Ill. S. Ct. R. 342 (eff. Jan. 1, 2005) ("The appellant's brief shall include, as an appendix, *** a copy of the judgment appealed from, any opinion, memorandum, or findings of fact filed or entered by the trial judge ***."). However, the written order is not there either.

¶ 23 In a footnote in its brief to this court, defendant's appellate counsel states that the written order is not in the circuit court's file, *and that defendant does not have a copy of the written order either*. The brief further states: "Appellate counsel is currently trying to obtain a copy of the order. If the counsel is able to obtain a copy, it will be supplemented to the record on appeal." Similarly, the State's brief states: "The written order does not appear in the record. The Assistant [State Appellate Defender] representing defendant in this appeal has indicated that she is trying to obtain a copy of the order." Defendant's appellate counsel last supplemented the record on March 22, 2017, and the trial court's February 6, 2015, order is not in the supplement.

¶ 24 On February 8, 2015, the APD filed a notice of appeal, which failed to specify the date of judgment. The form notice had a space for "Date of Judgment," and this space was left blank. On October 11, 2016, the State Appellate Defender moved for leave to file an amended notice of appeal in order to include the judgment date, which this court granted. Illinois Supreme Court Rule 606(d) (eff. Dec. 11, 2014) provides a form for the notice of appeal and states that the "notice of appeal shall be substantially in the following form." Ill. S. Ct. R. 606(d) (eff. Dec. 11, 2014). The form includes a line for "Date of judgment or order" and a line for "Sentence," neither of which were completed in the first notice of appeal. The subsequent notice, filed by the State Appellate Defender, corrected both these mistakes, and this appeal followed.

¶ 25                                    ANALYSIS

¶ 26 On this appeal, defendant argues that he is entitled to have his case remanded for the appointment of new postconviction counsel, since he was represented on remand by the same counsel whose representation was already deemed unreasonable in this case. For the following reasons, we reverse and remand.

¶ 27                              I. Standard of Review

¶ 28 Defendant argues that he was denied his right to reasonable assistance of counsel during the proceedings on his postconviction petition. There is no constitutional right to the assistance of counsel in postconviction proceedings. 725 ILCS 5/122-4 (West 2008). Thus, defendants are entitled only to the level of assistance provided by the Post-Conviction Hearing Act (Act) itself. 725 ILCS 5/122-1 *et seq.* (West 2008); *People v. Turner*, 187 Ill. 2d 406, 410 (1999). Issues of statutory interpretation are reviewed *de novo*, as are dismissals of a postconviction petition without an evidentiary hearing. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007) (postconviction petition); *People v. Chatman*, 2016 IL App (1st) 152395, ¶ 23 (statutory and rule interpretation). *De novo* consideration means that we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

## II. Stages of a Postconviction Petition

In the case at bar, defendant's petition proceeded to the second stage. In noncapital cases, such as this case, the Act provides for three stages. *People v. Lacy*, 407 Ill. App. 3d 442, 455 (2011). At the first stage, the trial court has 90 days to review a petition and may summarily dismiss it if the trial court finds that the petition is frivolous and patently without merit. *Lacy*, 407 Ill. App. 3d at 455. If the trial court does not dismiss the petition within that time period, the trial court must docket it for further consideration. *Lacy*, 407 Ill. App. 3d at 455. In the second stage, the defendant bears the burden of making a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). The Act provides for the appointment of counsel if the defendant is indigent. 725 ILCS 5/122-4 (West 2008); *Lacy*, 407 Ill. App. 3d at 455.

After appointment, counsel is required to make any amendments to the *pro se* petition that are necessary for an adequate presentation of defendant's claims. Ill. S. Ct. R. 651 (eff. Feb. 6, 2013); *Pendleton*, 223 Ill. 2d at 472. After defense counsel's amendments, if necessary, the State is then permitted to file responsive pleadings, and it may either answer or move to dismiss the petition. 725 ILCS 5/122-5 (West 2008); *Pendleton*, 223 Ill. 2d at 472. The trial court must then determine whether the petition, and any supporting documentation, make a substantial showing of a constitutional violation. 725 ILCS 5/122-6 (West 2008); *Pendleton*, 223 Ill. 2d at 473. If such a showing is made, then the petition proceeds to the third stage, where the trial court conducts an evidentiary hearing on the merits of the petition. 725 ILCS 5/122-6 (West 2008); *People v. Boclair*, 202 Ill. 2d 89, 100 (2002).

## III. Reasonable Assistance

In the case at bar, as noted, defendant's petition proceeded to the second stage and counsel was appointed. The Act provides for a reasonable level of assistance in postconviction proceedings. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). The legislature anticipated that most petitions filed under the Act would be filed by *pro se* prisoners who lacked the assistance of counsel. *People v. Johnson*, 154 Ill. 2d 227, 237 (1993). As a result, the Act imposed duties on postconviction counsel to ensure that a prisoner's claims would be adequately presented, and the statute envisioned that an attorney appointed to represent an indigent prisoner would ascertain the basis of his claims, shape those claims into an appropriate legal form, and present the prisoner's contentions to the court. *Johnson*, 154 Ill. 2d at 237-38.

To ensure that defendants receive this level of assistance, Illinois Supreme Court Rule 651(c) imposes specific duties on postconviction counsel and requires that the record disclose that counsel has fulfilled these mandatory duties. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). Pursuant to this rule, counsel's duties include (1) consulting with the defendant to ascertain his contentions of deprivation of constitutional rights, (2) examining the record of the proceedings at trial, and (3) making any amendments that are necessary for an adequate presentation of the defendant's contentions. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

In this postconviction proceeding, defendant has experienced repeated failures in representation. The failures include the failure to move to amend even after the trial court observed that defendant's "main claim" of ineffectiveness of appellate counsel was not in the petition; the failure, after remand, to argue at the hearing the claim upon which this court remanded; the continued failure to attach any supporting documentation or explain their absence, even though that was one of the grounds for the prior dismissal before the same trial

judge; the failure to specify in the new Rule 651(c) certificate, which the trial court directed him to file, whether any communications had occurred in the years since the remand; the failure to specify the date of the judgment in the original notice of appeal, which must be timely and which is the sole document conferring jurisdiction on this court; and the apparent failure to mail the order appealed from to defendant, as directed by the trial court.

¶ 36    First, it was error to reappoint the same APD after this court found that his representation was unreasonable and that he failed to make even a routine amendment. *Schlosser*, 2012 IL App (1st) 092523, ¶¶ 22-26; see also *People v. Kelly*, 2012 IL App (1st) 101521, ¶¶ 40-41, 48 (postconviction counsel's failure to provide a reasonable level of assistance required appointment of new counsel on remand); *People v. Nitz*, 2011 IL App (2d) 100031, ¶¶ 19, 21 (same); *People v. Jones*, 2016 IL App (3d) 140094, ¶¶ 33-34, 36 (same); *People v. Shortridge*, 2012 IL App (4th) 100663, ¶¶ 14-15 (same).

¶ 37    Second, the Rule 651(c) certificate, which the trial court directed him to file, does not indicate whether he has communicated with defendant at any time since 2009, when the last certificate was filed, and the record does not disclose any such evidence. For example, the amended petition does not refer to the character witnesses, whom defendant claimed were not called and would have affected the judge's "opinion" at trial or sentencing. This court is not suggesting that a reference to these witnesses was required, but rather that a newly-added reference to them would have, at least, indicated communication with defendant since the remand. Thus, we cannot find that the APD satisfied one of the three mandatory duties of Rule 651(c), namely, to communicate with his client. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).[3]

¶ 38    Third, at a minimum, the duty to adequately or properly present defendant's claims "necessarily includes attempting to overcome procedural bars" that will otherwise defeat his claims. *People v. Perkins*, 229 Ill. 2d 34, 44 (2007). Postconviction counsel must try to meet procedural requirements in order to adequately advance defendant's claims under the Act. See *Johnson*, 154 Ill. 2d at 246; *Perkins*, 229 Ill. 2d at 44. This would include filling out the "Date of judgment" line on a notice-of-appeal form to ensure that defendant's appeal is considered timely.

¶ 39    For all these reasons and due to the failure of representation discussed above, we find that it was error to reappoint the same counsel on remand and that Rule 651(c) was not satisfied. In response, the State argues on appeal that defendant waived this issue for our review because he failed to request new counsel when the matter was remanded. However, there is no evidence that defendant was aware that the same APD was appearing for him in the trial court, since he was not present at any of the court appearances held since the remand, and the Rule 651(c) certificate did not indicate whether the APD had communicated with him since the remand. Obviously, an attorney cannot be expected to object to his own representation. Thus, we do not find this argument persuasive.

¶ 40    The State's citation of *Turner* in support is puzzling. The State argues that the supreme court found counsel inadequate but then remanded without instructions to appoint new counsel. See *Turner*, 187 Ill. 2d at 417. However, the supreme court had already appointed new

---

[3]Our finding is bolstered by the fact that defendant does not appear to have received the trial court's order, despite the fact that the trial court specifically directed the APD to "make sure *** that [defendant] gets a copy of this." The APD's apparent failure to mail the order only bolsters our finding that there was a lack of the communication which Rule 651(c) requires.

counsel for defendant. The same "inept" counsel had represented defendant on appeal, and the supreme court had granted defendant's motion for new counsel on appeal. *Turner*, 187 Ill. 2d at 414 n.2. Thus, this case supports appointment of new counsel on remand.

¶ 41     The next question is whether a remand is necessary.

¶ 42     Our supreme court has held that, even if the allegations in a petition were insufficient to raise a constitutional issue, it is error to dismiss a postconviction petition on the pleadings where there has been inadequate representation by counsel. *People v. Suarez*, 224 Ill. 2d 37, 47 (2007). The Illinois Supreme Court "has consistently held that remand is required where postconviction counsel failed to fulfill the duties of consultation, examining the record, and amendment of the *pro se* petition, regardless of whether the claims raised in the petition had merit." *Suarez*, 224 Ill. 2d at 47.

¶ 43     "We cannot simply presume, however, that the trial court would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 651(c). It is the duty of the trial court to determine on the basis of a complete record whether the postconviction claims require an evidentiary hearing."[4] *Johnson*, 154 Ill. 2d at 246.

¶ 44     Based on the unequivocal words of our supreme court, a remand is necessary. Under Rule 651(c), the issue is not whether the defendant's claims have merit or whether he can later establish substantial prejudice. *Schlosser*, 2012 IL App (1st) 092523, ¶ 32 (citing and discussing *Suarez*, 224 Ill. 2d at 47, and *Turner*, 187 Ill. 2d at 415). The problem is that, when postconviction counsel does not complete the few duties imposed by the rule, the limited right to counsel conferred by the Act becomes illusory.

¶ 45                                    CONCLUSION

¶ 46     For the foregoing reasons, this court remands for the appointment of new postconviction counsel, with leave to amend and add supporting documentation, as he or she deems necessary, in support of defendant's claims, which may concern ineffective assistance of counsel, character witnesses, fairness of sentence, and resentencing. New counsel is required to mail a copy of this opinion and our prior opinion to defendant, and to file a Rule 651(c) certificate stating that he or she has communicated with defendant concerning this opinion and our prior opinion.

¶ 47     In conclusion, we remand for further second-stage proceedings consistent with this opinion.

¶ 48     Reversed and remanded with directions.

---

[4]In our last opinion, we observed: "Rather than the appellate or supreme court, it is the trial court that reviews the record to determine whether a defendant is able to make a substantial showing of a constitutional violation ***." *Schlosser*, 2012 IL App (1st) 092523, ¶ 31. In the case at bar, we have the odd situation where we do not even have a copy of the trial court's written determination.