2024 IL App (1st) 221285-U

SECOND DIVISION
August 27, 2024

No. 1-22-1285

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 16070 (01) |
| | ) | |
| ALVIN PERKINS, | ) | Honorable |
| | ) | Geraldine A. D'Souza, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:   We affirm the judgment granting the State's motion to dismiss defendant's petition for postconviction relief; we have authority to consider a claim of unreasonable assistance of postconviction counsel raised for the first time on appeal from the dismissal of the postconviction petition; defendant failed to overcome the presumption that postconviction counsel complied with Illinois Supreme Court Rule 651(c); postconviction counsel was not required to withdraw if counsel found petitioner's claims were frivolous.

¶ 2    Alvin Perkins was convicted of first degree murder and this court affirmed defendant's conviction on direct appeal. *People v. Perkins*, 2018 IL App (1st) 133981. Defendant filed a *pro se* petition for postconviction relief. The petition advanced to the second stage and the trial court appointed counsel to represent defendant in postconviction proceedings. Defendant's postconviction counsel did not amend the petition and filed a certification pursuant to Illinois

Supreme Court Rule 651(c) (eff. July 1, 2017). The State filed a motion to dismiss the petition. The trial court granted the State's motion to dismiss. On appeal defendant abandons the claims he raised in his postconviction petition and appeals the second stage dismissal of his postconviction petition on the sole ground that he did not receive a reasonable level of assistance of postconviction counsel. Defendant argues postconviction counsel failed to comply with Rule 651(c) by failing to either amend the *pro se* petition with the required documentation or moving to withdraw as postconviction counsel.

¶ 3    For the following reasons, we affirm the trial court's judgment.

¶ 4                                    BACKGROUND

¶ 5    We summarized the facts leading to defendant's conviction in defendant's direct appeal. *People v. Perkins*, 2018 IL App (1st) 133981. In January 2018 this court affirmed defendant's conviction. The relevant history here begins in April 2020, when defendant filed his *pro se* petition for postconviction relief. Defendant's petition alleged he was denied effective cross-examination regarding impeachment evidence, challenged the application of the forfeiture-by-wrongdoing doctrine, and claimed his actual innocence. Defendant alleged violations of his eighth and fourteenth amendment rights, that police failed to conduct an adequate investigation, and he noted several deficiencies in the investigation. Defendant claimed that a police report was fabricated and another was factually incorrect, and he made reference to an unspecified police report. Defendant claimed the State failed to corroborate hearsay evidence and an eyewitness gave inconsistent statements. Defendant was also allegedly denied his right to represent himself.

¶ 6    The trial court appointed counsel to represent defendant. On January 28, 2022, defendant's postconviction counsel filed a certificate pursuant to Illinois Supreme Court Rule 651(c). Postconviction counsel certified that she consulted with defendant, "reviewed the [*sic*]

any and all/or all aspects of the Records of the proceedings of this case: Report of Proceedings; Common Law Records; Supplementals and Trial Exhibits; and any Prior Mandates provided to me concerning Indictment Number 07CR1607001." Postconviction counsel certified that "I have examined petitioners [*sic*] *pro se* Petition for Post-Conviction Relief and as it adequately presents his claim of deprivation of constitutional rights, have deemed it unnecessary to amend or supplement his *pro se* petition." On March 16, 2022, the State filed a motion to dismiss the petition. The State's motion argued the petition is untimely and the allegations in the petition "are all in the record and therefore waived for review." The State argued that "[e]verything in the petition was raised on direct appeal and dismissed by the appellate court."

¶ 7    On July 15, 2022, the trial court held a hearing on the State's motion to dismiss. At the hearing, the State argued:

"There's only two bases in my motion to dismiss that we're asking that you deny the post-conviction petition. One being that the petition is untimely. It should have been filed before June 25th of 2019. It was not until April 13th of 2020. But needless to say, Judge, everything that is raised in his post-conviction was raised on direct appeal and decided by the Appellate Court.

So in my motion to dismiss, everything—I argued that everything is barred by *res judicata*."

Postconviction counsel stated:

"Your Honor, I did have an opportunity to review all of that. Unfortunately there is nothing additional that I would be able to say, and I will rest on that."

¶ 8    The trial court ruled as follows:

"I will note the defendant did file a written motion for an extension of time which was granted back in 2020. The pleadings in this matter mostly consist of contradictions in testimony not amounting to any constitutional depravation, and the claims of forfeiture by wrongdoing, self-representation, inadmissibility of victim's statements all covered by *res judicata*, and not addressed—I'm sorry, that have already been addressed on appeal.

So based on that I do not find that the defendant has made any showing of a constitutional right being violated in this matter. There needs to be a substantial showing. Based on the record that has not been met based on all the pleadings, so the State's motion to dismiss is granted at this time."

¶ 9    This appeal followed.

¶ 10                    ANALYSIS

¶ 11    This is an appeal under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-7 (West 2022)) from the dismissal of a petition for relief at the second stage of postconviction proceedings. To avoid dismissal at the second stage, "the defendant bears the burden of making a substantial showing of a constitutional violation to warrant a third-stage evidentiary hearing." *People v. Joiner*, 2023 IL App (1st) 211553, ¶ 40. "At the second stage, allegations in the petition must be supported by the record or by accompanying affidavits." *Id*. The trial court determines if the defendant has made a substantial showing of a constitutional violation. *Id*. We review the second stage dismissal of a postconviction petition *de novo*. *People v. McCoy*, 2023 IL App (1st) 220148, ¶ 7.

¶ 12    This appeal, however, is solely about defendant's right to representation in those proceedings. "At the second stage, counsel may be appointed to an indigent defendant.

- 4 -

[Citations.]" *Id*. (citing 725 ILCS 5/122-4 (West 2020)). "There is no constitutional right to the assistance of counsel in postconviction proceedings. 725 ILCS 5/122-4 (West 2008). Thus, defendants are entitled only to the level of assistance provided by the [Act] itself. 725 ILCS 5/122-1 *et seq.* (West 2008)." *People v. Schlosser*, 2017 IL App (1st) 150355, ¶ 28.

"[C]ounsel appointed at the second stage of a postconviction proceeding is required to consult with the defendant, either in person or by mail, examine the trial record, and amend the defendant's *pro se* petition if necessary to properly present the defendant's postconviction claims of constitutional deprivation. 134 Ill.2d R. 651(c). The Illinois Supreme Court amended Rule 651(c) to set out those specific duties of second-stage postconviction counsel." *People v. Marshall*, 375 Ill. App. 3d 670, 680 (2007).

"Rule 651(c) is designed to ensure that a defendant receives the required reasonable level of assistance from postconviction counsel. [Citation.] A filed Rule 651(c) certificate creates a presumption of compliance that can be rebutted by the record." *Marshall*, 375 Ill. App. 3d at 680 (citing *People v. Lander,* 215 Ill. 2d 577, 584 (2005)).

¶ 13    Defendant did not file a motion to reconsider the trial court's judgment granting the State's motion to dismiss the petition. Compare *People v. Custer*, 2019 IL 123339, ¶¶ 11-14. Defendant argues he received unreasonable assistance of counsel in the postconviction proceedings in the trial court. Defendant argues postconviction counsel provided unreasonable assistance in violation of Rue 651(c) by failing to amend his *pro se* petition to include the required documentation or by failing to withdraw as his counsel. Defendant raises that argument for the first time on appeal from the judgment granting the State's motion to dismiss his postconviction petition. We previously questioned our authority to consider a claim of

unreasonable assistance of postconviction counsel raised for the first time on appeal. We affirmed the trial court's judgment granting the State's motion to dismiss based on our finding that "the issue of whether postconviction counsel provided the reasonable level of assistance guaranteed by the Act is not raised in the postconviction petition" and, therefore, "we have no authority to review it." Defendant filed a petition for rehearing, and we ordered additional briefing by the parties.

¶ 14    Ordinarily, claims not raised in a postconviction petition are forfeited. See *People v. Garcia*, 2022 IL App (1st) 210040, ¶ 31 (quoting 725 ILCS 5/122-3 (West 2018) ("[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.")). However, our supreme court has stated that: "It is settled that a defendant may allege on appeal from the denial of postconviction relief at the second or third stage that his postconviction counsel provided unreasonable assistance." *People v. Johnson*, 2018 IL 122227, ¶ 22; see, *e.g.*, *People v. Turner*, 187 Ill. 2d 406, 409-10 (1999); *People v. Guest*, 166 Ill. 2d 381, 412-13 (1995); *People v. Groszek*, 2016 IL App (3d) 140455, ¶ 15. "As an appellate court, we are bound to follow the decisions of our supreme court." *People v. Colon*, 2018 IL App (1st) 160120, ¶ 72. We will consider defendant's claim of unreasonable assistance of postconviction counsel in this case.

¶ 15    In this case, defendant argues that postconviction counsel "did not make the amendments necessary to adequately present [defendant's] claims, provide required documentation, or explain its absence. Nor did she move to withdraw." Defendant complains:

> "no police report, affidavits, or other documents were attached in support of
> [defendant's] claims. The petition refers repeatedly to a police report, but it fails
> to attach or document the report or reports, nor does it explain their absence.

Moreover, post-conviction counsel offered no explanation as to why she failed to include the necessary supporting 'affidavits, records, or other evidence' as required [by the Act.] Finally, although the petition references the eighth amendment, no sentencing argument is advanced."

¶ 16     Defendant argues these failures "affirmatively rebut[] the representations made by post-conviction counsel in their 651(c) certificate[]." Defendant argues that if counsel believed petitioner's claims were frivolous, she should have filed a motion to withdraw as his counsel. Defendant argues postconviction counsel's failure to address the State's arguments had the same effect as conceding the State's motion to dismiss, and in circumstances where postconviction counsel concedes that a postconviction petition has no merit, the court has found that the failure to withdraw is unreasonable. Defendant argues that assuming postconviction counsel believed the petition lacked merit, postconviction counsel's failure to withdraw was unreasonable assistance. Defendant also argues that postconviction counsel's "failure to properly raise and support [defendant's] claims with the referenced police report, affidavits, or other evidence (or explain why such support was not attached), should be deemed unreasonable assistance regardless of the merits of the claims." In this case, the trial court dismissed defendant's petition either because the claims were all bared by *res judicata* or did not state violations of defendant's constitutional rights.

¶ 17     "After appointment, counsel is required to make any amendments to the *pro se* petition that are necessary for an adequate presentation of defendant's claims." *Schlosser*, 2017 IL App (1st) 150355, ¶ 31 (citing Ill. S. Ct. R. 651 (eff. Feb. 6, 2013)). "The duty to adequately or properly present defendant's claims 'necessarily includes attempting to overcome procedural bars' that will otherwise defeat his claims. [Citation.] Postconviction counsel must try to meet

procedural requirements in order to adequately advance defendant's claims under the Act."

*Schlosser*, 2017 IL App (1st) 150355, ¶ 38 (citing *People v. Perkins*, 229 Ill. 2d 34, 44 (2007)).

Postconviction counsel is also required to attempt to obtain and submit affidavits from witnesses

identified in the *pro se* postconviction petition, *Perkins*, 229 Ill. 2d at 44 (citing *People v.*

*Johnson,* 154 Ill. 2d 227, 247 (1993)). However "[w]hile postconviction counsel is free to amend

a petitioner's petition and add new claims, counsel is under no obligation to do so. [Citation.]

Counsel's obligation is limited to adequately presenting and supporting those constitutional

claims raised by the petitioner. [Citation.]" *People v. King*, 2023 IL App (1st) 220916, ¶ 49

(citing *People v. Pendleton*, 223 Ill. 2d 458, 475-76 (2006), *People v. Davis*, 156 Ill. 2d 149, 164

(1993)).

¶ 18    "[W]hen an attorney files a certificate under Rule 651(c), the attorney is officially

representing to the court that the duties listed in the certificate have been fulfilled." *Perkins*, 229

Ill. 2d at 50. This includes the assertion that no amendments were necessary for an adequate

presentation of the defendant's claims. *Id*. To rebut the presumption raised by the filing of a Rule

651(c) certificate, the record must contradict the certificate; otherwise, this court must give effect

to counsel's representation that they complied with Rule 651(c). *Perkins*, 229 Ill. 2d at 52. This

is true even in the face of an argument in the petition that is legally without merit (*Perkins*, 229

Ill. 2d at 51) or no argument at all (*People v. King*, 2023 IL App (1st) 220916, ¶ 49). In *King*,

this court observed that:

> "As our supreme court stated in *People v. Greer*, 212 Ill. 2d 192, 205
>
> (2004), fulfillment of the third obligation under Rule 651(c) does not require
>
> postconviction counsel to advance frivolous claims on defendant's behalf. If
>
> amendment to a *pro se* postconviction petition would only further a frivolous or

patently nonmeritorious claim, they are not necessary within the meaning of the rule." *King*, 2023 IL App (1st) 220916, ¶ 49.

¶ 19    In *King*, as in this case, the defendant raised claims that were not constitutional violations. *Id*. The *King* court could not find that "postconviction counsel was unreasonable for not amend[ing] [the] defendant's claims that had no merit." *Id*. In that case, postconviction counsel did file what counsel believed were meritorious claims; but counsel does not violate Rule 651(c) by not advancing new claims. *King*, 2023 IL App (1st) 220916, ¶ 49 (citing *Pendleton*, 223 Ill. 2d at 475-76, *Davis*, 156 Ill. 2d at 164).

¶ 20    To find unreasonable assistance, the record must also demonstrate that there is an excuse for an unresolved procedural delay in filing the petition. See *Perkins*, 229 Ill. 2d at 51 (finding compliance with Rule 651(c) because nothing in the record to indicate the defendant had any excuse for a delay in filing). Counsel in *Perkins* did make arguments that the court found were not "particularly compelling" or "legally without merit;" but the court found it could not assume there was some other excuse counsel failed to raise and that counsel's argument was "apparently the best option available based on the facts" *Id*. In this case the trial court acknowledged defendant filed a motion for extension of time to file his petition, and the court did not dismiss the petition on limitations grounds but on grounds of *res judicata*. Counsel did not make any argument to overcome the *res judicata* bar, but our supreme court and this court have found that counsel was not required to advance her own frivolous argument. This court recently explained:

> "Counsel need not amend the petition or every claim; counsel may
> conclude that the claim is already adequately addressed or that a claim is frivolous
> and undeserving of further amendment. The filing of the Rule 651(c) certificate
> creates a rebuttable presumption that counsel has performed these duties and thus

has provided reasonable assistance." *Nesbitt*, 2023 IL App (1st) 211301, ¶ 37 (citing *Greer*, 212 Ill. 2d at 205, *Custer*, 2019 IL 123339, ¶ 32, *People v. Turner*, 2023 IL App (1st) 191503, ¶ 30).

¶ 21 The record does not reveal a means to overcome the *res judicata* bar. In this case, we find that the record does not contradict postconviction counsel's certificate asserting that there were no amendments necessary for adequate presentation of defendant's claims. Counsel was not required to plead new, constitutional claims defendant did not raise. *King*, 2023 IL App (1st) 220916, ¶ 49 (citing *Pendleton*, 223 Ill. 2d at 475-76, *Davis*, 156 Ill. 2d at 164) ("[w]hile postconviction counsel is free to amend a petitioner's petition and add new claims, counsel is under no obligation to do so. [Citation.] Counsel's obligation is limited to adequately presenting and supporting those constitutional claims raised by the petitioner."). Therefore, we must "give effect to counsel's official representation that [she] complied with Rule 651(c)." *Perkins*, 229 Ill. 2d at 52. Accordingly, we hold that counsel fulfilled her duties under Rule 651(c). *Id.*

¶ 22 Nor do we find postconviction counsel had a duty to withdraw. If postconviction counsel believed defendant's claims were frivolous there was no *impediment* to her withdrawing as counsel (*Greer*, 212 Ill. 2d at 211); however, postconviction counsel did not have a *duty* to withdraw in this case. In *Shortridge*, our sister District wrote that "[i]f counsel believes that his client's claims are frivolous or without merit, his ethical obligation is to seek a withdrawal as counsel." *People v. Shortridge*, 2012 IL App (4th) 100663, ¶ 13. That case is distinguishable.

¶ 23 In *Shortridge*, postconviction counsel "confessed the motion to dismiss." *Id.* ¶ 6. Defendant filed a motion to remove his postconviction counsel. *Id.* ¶ 7. The trial court denied the motion. *Id.* ¶ 8. On appeal, the *Shortridge* court noted that the defendant's counsel "advised the court that he did not 'see any reason to be withdrawn as court-appointed attorney.' " *Id.* ¶ 14

However, counsel had *just* informed the court that he found defendant's allegations "nonmeritorious." *Id*. The court found counsel's conduct "at best, contradictory." *Id*. It was in light of that finding that the court wrote that if counsel, "in fact, found the allegations 'nonmeritorious,' even with any necessary amendments, then he should have moved to withdraw as counsel, not confess the State's motion to dismiss." *Id*.

¶ 24     We find the holding in *Shortridge* limited to the unique facts of that case, which are distinguishable from the facts of this case. In *Shortridge*, postconviction counsel did not just choose to stand on the defendant's petition, he confessed to the State's motion to dismiss it. Counsel simultaneously resisted efforts to remove him as the defendant's attorney. In that case, we believe the record of counsel's behavior, which the court found contradictory "at best," demonstrates that counsel was operating under some ethical conflict that resulted in him trying to undermine his client while fighting to remain appointed counsel. We agree that under those circumstances, counsel should have withdrawn from the case.

¶ 25     We find better guidance for this case in this court's recent decision in *People v. James*, 2023 IL App (1st) 192232, ¶ 42. The defendant in that case raised a very similar argument to defendant's argument here. In *James*, the defendant argued that postconviction counsel "declined to file any response" to the State's motion to dismiss and "offered no argument on [defendant's] behalf" at the hearing on that motion. *James*, 2023 IL App (1st) 192232, ¶ 42. The defendant in that case, similarly to defendant on appeal, inferred that counsel concluded that his claims were meritless. *Id*. The defendant argued that "counsel was then obligated to file a motion to withdraw as counsel, rather than placing meritless claims before the court." (Internal quotation marks omitted.) *James*, 2023 IL App (1st) 192232, ¶ 42. This court rejected that argument. This court found that:

"[O]ur caselaw holds that, when postconviction counsel investigates a defendant's *pro se* claims and determines that they have no merit, counsel has two options. One is to withdraw as counsel. [Citation.] The other is to stand on the allegations in the *pro se* petition and inform the court of the reason the petition was not amended. [Citations.]" (Internal quotation marks omitted.] *James*, 2023 IL App (1st) 192232, ¶ 42.

¶ 26 Counsel can inform the court "why" the petition was not amended by filing a Rule 651(c) certificate that no amendments were necessary for an adequate presentation of the defendant's claims. *Id*. ("the *pro se* allegations 'remain[] to proceed according to the parameters of the Act.' [Citation.]" (citing *People v. Pace*, 386 Ill. App. 3d 1056, 1062 (2008); *Perkins*, 229 Ill. 2d at 50; *King*, 2023 IL App (1st) 220916, ¶ 49 ("If amendment to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not necessary within the meaning of the rule.")). Counsel is also allowed to inform the court that she did not amend the petition "because she could find no evidentiary support to do so." *James*, 2023 IL App (1st) 192232, ¶ 42. This court has found that the procedure followed in this case is "a proper approach under current Illinois caselaw." *Id*. We find no error in postconviction counsel's failure to withdraw in this case.

¶ 27                                  CONCLUSION

¶ 28 For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 29 Affirmed.