2026 IL App (1st) 241693-U

No. 1-24-1693

Order filed March 27, 2026

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of Cook County, |
| Respondent-Appellee, | ) | Criminal Division. |
| | ) | |
| v. | ) | No. 11 CR 00915 01 |
| | ) | |
| MARVELL WILLIAMS, | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Petitioner-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Postconviction counsel provided defendant reasonable assistance where counsel's amended petition adequately presented defendant's claim of ineffective assistance of trial counsel.

¶ 2    Defendant Marvell Williams appeals the circuit court's dismissal of his postconviction petition at the second stage (725 ILCS 5/122-1 *et seq.* (West 2024)). At issue is whether defendant's postconviction counsel provided unreasonable assistance because postconviction counsel failed to amend defendant's ineffective assistance of trial counsel claim to include the failure to investigate a potential alibi witness. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     After a jury trial, defendant Marvell Williams was convicted of attempted murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2010)), aggravated battery with a firearm (*id.* § 12-4.2(a)(1)), and two counts of armed robbery with a firearm (*id.* § 18-2(a)(2)). The circuit court sentenced defendant to 21 years on the attempted murder charge (*id.* § 8-4(c)(1)(B)) to run consecutively to 21 years for the armed robbery and aggravated battery charges (*id.* § 18-2(b), 12-4.2(b)), totaling 42 years' imprisonment. 730 ILCS 5/5-4.5-25(a), 5-8-4(d)(1) (West 2010).

¶ 5     The State presented the following evidence at defendant's trial. William Ware and Kawanza Morton testified that on April 22, 2010, at around 8 p.m., they were delivering a pizza to a house located at 11837 South Eggleston Avenue in Chicago. While outside of the house, defendant approached the driver's side of their car with a gun and took Ware's money and cell phone. A second man grabbed Ware and told him to lay face down on the sidewalk. Meanwhile, a third man ordered Morton out of the passenger seat, and defendant grabbed her purse. Defendant walked over to Ware and fired four or five gunshots, one of which struck Ware in his lower back. The three men ran off, and Ware and Morton returned to the car and drove away.

¶ 6     The next day, after Ware was released from the hospital, he obtained a new cell phone with his same phone number. On his new phone, Ware found an email address he did not recognize. When Ware searched for the email address, he found defendant's Facebook page with a picture of defendant. Ware gave this information to detectives. Later, Ware identified defendant in a photo array, and Ware and Morton each identified defendant in physical lineups.

¶ 7     Co-offender Eric Thomas entered a plea deal and testified for the State. On direct examination, Thomas testified that he was part of the robbery with defendant and a third man, Ali.

Thomas testified that defendant had a gun and shot towards the sidewalk, towards Ware, while they were running away. Thomas did not know if defendant's bullet hit Ware, but he observed defendant fire at least one shot in Ware's direction. After, he heard a few more gunshots.

¶ 8       On cross examination, Thomas testified that Ali was the one who shot Ware, not defendant. On redirect, the prosecution asked Thomas about his prior statement to detectives where he said he saw defendant shoot towards Ware. Thomas testified that he saw defendant shoot towards Ware and that he heard more shots as he ran away but did not look back.

¶ 9       Defendant did not testify, and the jury found defendant guilty on all charges. This court affirmed defendant's conviction and sentence on direct appeal. See *People v. Williams*, 2015 IL App (1st) 131019-U, ¶ 27.

¶ 10      In 2018, defendant filed a *pro se* postconviction petition asserting, in part, that defendant's trial counsel was ineffective for failing to investigate Aliff Ali, the third man named by co-offender Thomas at trial. The circuit court orally dismissed the petition as frivolous but did not enter an order on the petition within 90 days of its filing, so defendant appealed. See *People v. Williams*, 2021 IL App (1st) 191232-U, ¶ 23. While this appeal was pending, defendant moved for leave to file a successive postconviction petition to challenge his 42-year sentence as a *de facto* life sentence in violation of the eighth amendment of the United States Constitution since he was under 18 at the time of his offenses. The circuit court denied defendant's motion for leave, and this court affirmed the denial on the merits. See *People v. Williams*, No. 1-21-1303 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 11      Defendant's initial *pro se* postconviction petition, however, was remanded and advanced to the second stage. The circuit court appointed postconviction counsel. As part of these

proceedings, Aliff Ali provided a handwritten affidavit. Ali's affidavit stated that on the night of the robbery, Ali was at his home at 11839 South Harvard Avenue in Chicago with defendant. Ali attested that later, Eric Thomas arrived at the house and bragged about a robbery he just committed with a man Ali did not know. Thomas claimed he got $200. According to Ali, he and defendant did not believe Thomas actually robbed anyone, so they asked him to buy liquor with the money. Thomas did, and the three of them drank together. Sometime after 10:30 p.m., Thomas gave a cell phone to defendant and left the house. Ali stated that defendant was with him all night at his residence and was not part of the crime.

¶ 12    At a status hearing, postconviction counsel told the circuit court that he received an affidavit from a material witness that he believed bolstered defendant's ineffective assistance of trial counsel claim and asked for time to amend the petition. Afterwards, counsel filed the affidavit, a Rule 651(c) certificate attesting to his efforts and responsibilities as postconviction counsel, and an amended petition. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The amended petition claimed trial counsel was ineffective "for failing to contact, interview, or communicate with" Ali and that defendant's sentence was an improper *de facto* life sentence considering his youth. At the hearing on the State's motion to dismiss the amended petition, defendant provided the circuit court with an additional letter from Ali that is not in the record. After reviewing the materials and hearing arguments, the circuit court dismissed the petition. This timely appeal followed. Ill. S. Ct. R. 651(d) (eff. July 1, 2017); Ill. S. Ct. R. 606(b) (eff. Apr. 15, 2024).

¶ 13                                II. ANALYSIS

¶ 14    Defendant's sole argument on appeal is that postconviction counsel did not provide reasonable assistance because he failed to amend the ineffective assistance of trial counsel claim

- 4 -

in the petition to include the alibi defense. Defendant argues postconviction counsel did not frame the claim as trial counsel's failure to investigate Ali as a potential alibi witness, as the affidavit suggests, but rather framed it as trial counsel's failure to investigate Ali as the potential gunman. The State argues defendant's postconviction counsel provided reasonable assistance where counsel filed Ali's affidavit supporting the alibi defense and filed an amended petition advancing the ineffective assistance of trial counsel claim based, in part, on the affidavit. Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) "outlines the specific duties of appointed counsel in post-conviction proceedings." *People v. Turner*, 187 Ill. 2d 406, 410 (1999). "Where, as in this case, postconviction counsel files a certificate attesting that she fulfilled the duties of Rule 651(c), we presume that the defendant received reasonable assistance." *People v. James*, 2023 IL App (1st) 192232, ¶ 36. "That presumption controls unless the defendant rebuts it." *Id.* "We review postconviction counsel's compliance with Rule 651(c) *de novo*." *Id.*

¶ 15    The Post-Conviction Hearing Act provides a remedy for criminal defendants whose constitutional rights were substantially denied. 725 ILCS 5/122-1 *et seq*. (West 2022). "[T]he Act provides for three stages." *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 15. At the first stage, the circuit court must review a petition within 90 days and can dismiss the petition if it is "frivolous and patently without merit." *Id.* If the petition is not dismissed in that period, it moves to the second stage where the defendant must make a "substantial showing of a constitutional violation." *Id.* If a defendant is indigent, the Act entitles them to appointed counsel at this stage. 725 ILCS 5/122-4; *People v. Perkins*, 229 Ill. 2d 34, 42 (2007).

¶ 16    "The right to counsel in postconviction proceedings is wholly statutory," so defendants are entitled "only to the level of assistance required by the Act." *Perkins*, 229 Ill. 2d at 42. Thus,

defendants are entitled to a reasonable level of assistance, a standard that is less rigorous than the constitutional standard for effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Bass*, 2018 IL App (1st) 152650, ¶ 11. "To assure the reasonable assistance required by the Act, Supreme Court Rule 651(c) imposes specific duties on postconviction counsel." *Perkins*, 229 Ill. 2d at 42; Ill. S. Ct. R. 651(c). Under Rule 651(c), counsel must consult with the defendant "to ascertain his or her contentions of deprivation of constitutional rights," examine the trial record, and make "any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c). The record of counsel's efforts "may be made by the certificate of petitioner's attorney." *Id.* Such a certificate creates a presumption that postconviction counsel provided reasonable assistance, and it is the defendant's burden to overcome the presumption. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23.

¶ 17    Defendant challenges whether postconviction counsel fulfilled his duty to make necessary amendments to the *pro se* petition. In postconviction counsel's Rule 651(c) certificate, counsel indicated he "made any amendments to the petitions filed *pro se* *** necessary for an adequate presentation of petitioner's contentions" and that he "adopt[ed] the Petitioners *pro se* motions." Counsel's certificate creates a presumption that he provided reasonable assistance.

¶ 18    Defendant's *pro se* petition claimed that trial counsel was ineffective for failing to investigate Ali and Ali's whereabouts at the time of the crime. Postconviction counsel filed an affidavit from Ali, setting forth the alibi defense, and investigated. Counsel amended the petition to outline the relevant legal authority for ineffective assistance of counsel and develop defendant's claim that trial counsel was ineffective for failing to investigate Ali as an alibi witness:

"Here, the petitioner asserts that trial counsel was ineffective for failing to contact, interview, investigate, and communicate with a material witness that was with the defendant the evening in question. Petitioner has attached an affidavit from Ali Alif stating that Alif was with the defendant and Eric Thomas on the evening in question."

Further, at the hearing on the State's motion to dismiss, counsel discussed the affidavit, including the alibi defense, and presented argument on defendant's ineffective assistance of trial counsel claim.

¶ 19 The circuit court ultimately concluded that trial counsel was not ineffective for not investigating Ali as an alibi witness since the alibi did not cover the time of the robbery, it placed defendant near the robbery, and defendant could not show prejudice given the evidence against him at trial:

"And we'll get finally—I'm not going to go over every one of these things—the so-called affidavit of the witness. So-called alibi puts him a block away. Incident is 11837 South Eggleston, and the thing with the pizza driver, 11834 of the next street over. One block.

The affidavit doesn't actually cover the time when this incident took place for one thing, but aside from that, he's saying this alibi witness, that Williams didn't do it. The evidence at trial—I considered the evidence, what he would say now, witness, compared to what the evidence at trial showed.

To whether the lawyer was ineffective [f]or not calling that witness or investigating that witness. In my opinion, that would not change anything one way or the other, that one did it all. He had three people who said that Williams shot the guy. Three people said he shot him. And the third person testified he shot him, but eventually recanted on cross, it didn't happen like that."

Additionally, the circuit court determined that trial counsel was not ineffective for not investigating Ali as the potential gunman because it was unlikely Ali would have testified that he was the shooter and there was no prejudice to defendant given the other testimony:

"My opinion, lawyer is not ineffective whatsoever. Lawyer brought out by the Defendant, not trial strategy. Well, hard for me to believe it would come up and say yeah, I shot the dude if it wasn't Williams.

I can't imagine the guy would come up and say that, I shot him and it wasn't him. Take the weight for trying to kill the guy. Yeah, Williams didn't do it, but I did. I'll take the weight for it.

So not calling him or not investigating him, if that's what the case was, does not change the outcome of this trial at all. In spite of the fact—especially in spite of the fact that three people said Williams did it. Could have said that at the time I sentenced Williams back—way back when."

¶ 20    Based on the amended petition, the circuit court ruled on defendant's ineffective assistance of trial counsel claim considering both the claim that Ali was a potential alibi witness and that he was the potential gunman. Thus, postconviction counsel facilitated consideration of defendant's contentions on the merits, and defendant has not overcome the presumption that postconviction counsel provided reasonable assistance. See *Perkins*, 229 Ill. 2d at 44 ("[T]he purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court."); see also, *e.g.*, *People v. Flores*, 2019 IL App (1st) 162181-U, ¶ 32 ("Thus, we cannot say that postconviction counsel failed to adequately present the claim where he facilitated a consideration on the merits.").

¶ 21    Defendant argues that counsel did not sufficiently amend the petition itself based on the alibi defense but rather primarily framed the claim as counsel's failure to contact the potential gunman. Postconviction counsel, however, must only make amendments that are "necessary for an adequate presentation of petitioner's contentions." See Ill. S. Ct. R. 651(c); see also *Turner*, 187 Ill. 2d at 412 ("There is no requirement that post-conviction counsel must amend a petitioner's *pro se* post-conviction petition."). The amendments, which included references to the attached affidavit, adequately presented defendant's contention because the circuit court fully considered the alibi-based claim and rejected it on the merits. The circuit court had no difficulty addressing both claims and concluding, as to each separately, that trial counsel was not ineffective.

¶ 22    Defendant cites *People v. Schlosser*, 2017 IL App (1st) 150355, and *People v. Kelly*, 2012 IL App (1st) 101521, to argue that postconviction counsel was unreasonable for failing to properly shape defendant's claim. Postconviction counsel in *Schlosser*, however, failed to properly pursue a claim on remand that the appellate court already found him unreasonable for not asserting in the first instance. *Schlosser*, 2017 IL App (1st) 150355, ¶¶ 35-36. Counsel in *Schlosser* also failed to file a new 651(c) certificate attesting to any new communication with the defendant after the remand, none of which is relevant here. *Id*. Additionally, unlike in *Schlosser*, where postconviction counsel failed to attach any supporting documentation to the petition (*id.* ¶¶ 11, 35), counsel here provided the court with an affidavit and letter from Ali to support defendant's claim.

¶ 23    Further, defendant's reliance on *Kelly* is also misplaced. In that case, the court found postconviction counsel's assistance was unreasonable where 12 years passed between the defendant's *pro se* filing and the dismissal of the amended petition, yet counsel's efforts were minimal, such as counsel's failure to file anything on the defendant's behalf for five years after he was retained. *Kelly*, 2012 IL App (1st) 101521, ¶¶ 26, 40. Further, in the amended petition, private counsel failed to cite the relevant Supreme Court precedent for the defendant's claim or attach a notarized affidavit. *Id.* ¶¶ 31, 40. While here, six years passed between the filing of the *pro se* petition and the dismissal of the amended petition, this was primarily due to appellate proceedings, not unreasonable delay or minimal efforts by postconviction counsel. Moreover, in the amended petition, postconviction counsel cited sufficient legal authority and provided the circuit court with a notarized affidavit from Ali.

¶ 24    Defendant also argues that nothing indicates postconviction counsel investigated or attempted to obtain a more legible affidavit from Ali. But postconviction counsel stated on the

record that he was investigating defendant's claims pursuant to the affidavit, including investigating witnesses. Further, the handwritten, notarized affidavit from Ali is sufficiently legible, so there was no reason for counsel to seek another one.

¶ 25 Lastly, defendant argues that postconviction counsel's efforts to reassert defendant's youth-based sentencing claim demonstrates postconviction counsel's representation was unreasonable because the claim was barred by *res judicata* and previously rejected by this court on the merits. See *People v. Williams*, No. 1-21-1303 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)). As to whether counsel provided reasonable assistance in amending the ineffective assistance of trial counsel claim, this contention is not dispositive where the record demonstrates counsel performed his duties and facilitated consideration of the claim on the merits. Defendant has not overcome the presumption that postconviction counsel complied with Rule 651(c) and provided reasonable assistance.

¶ 26                                III. CONCLUSION

¶ 27     The judgment of the circuit court of Cook County is affirmed.

¶ 28     Affirmed.